UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

A1 PROCUREMENT, LLC,

    RELATOR,

v.                                        Civil Action No. 2:15-cv-00015-RBS-LRL.

THERMCOR, INC.;
WALTER L. DIXON;
RONALD L. DIXON;
WILLIAM M. BOLEAN;
TIMOTHY BOLEAN;
DALE BARNES;
TLMG, LLC;
JOHN DOES 1-10,

    DEFENDANTS.

## ANSWER TO FIRST AMENDED COMPLAINT

Come now the Defendants Thermcor, Inc. (Thermcor), Walter L. Dixon, Ronald L. Dixon, William M. Bolean, Timothy Bolean, Dale Barnes and TLMG, LLC (TLMG) (the Defendants), by counsel, and for their Answer to the First Amended Complaint (the Complaint) filed herein by A1 Procurement, LLC, (A1) respectfully state that:

1. With regard to paragraph 1 of the Complaint the Defendants emphatically state that they have at no time made false statements and claims or fraudulently misrepresented Service-Disabled Veterans-Owned Small Business (SDVOSB) status and Small Business Administration (SBA) 8(a) status in order to bid on, obtain award, and payment for any United States federal government contracts.

2. With regard to paragraph 2 of the Complaint the Defendants are without

knowledge that A1 did provide to the "Government" information upon which the allegations contained in the Complaint are based and therefore deny the same. However, on two separate occasions spanning more than nine hundred days the United States Department of Justice, upon investigating allegations made by A1 as set forth in a Qui Tam Complaint and the Complaint, by letter formally declined to initiate any action against the Defendants.

       3.     The Defendants emphatically deny each and every allegation set forth in paragraph 3 of the Complaint.

       4.     The allegations set forth in paragraphs 4, 6, 7, 10, 12, 13, 14, 15, 43, 45, 48, 57, 61 and 70 of the Complaint are admitted and as to the allegations in paragraphs 66, 69, and 71 the Defendants assert that the therein summarized and referenced Exhibits speak for themselves.

       5.     With regard to the allegations set forth in paragraph 5 of the Complaint, Defendants deny that A1 has engaged in competent and good faith investigation of the Defendants.

       6.     The allegation set forth in paragraph 8 is denied. THERMCOR has at all times been eligible to qualify as an SDVOSB concern; it simply had mistakenly not completed the formal process to be so designated.

       7.     Each and every allegation set forth in paragraphs 9, 11, 17 and 21 of the Complaint are denied.

       8.     With regard to the allegations set forth in paragraph 18 of the Complaint, neither Thermcor, TLMG or any individual Defendant, have at any time made, caused and conspired to make false and fraudulent statements and claims to the "Government".

       9.     With regard to allegations set forth in paragraph 20 of the Complaint, each and every Defendant denies that they have at any time for any reason made, used, or caused or

conspired to cause a false record or statement material to a false or fraudulent claim on any United States federal government website.

10. With regard to the allegations set forth in paragraph 44 of the Complaint, Defendants assert that Thermcor is a marine insulation company that provides services to the Navy, Coast Guard and private sector business concerns.

11. The Defendants are without knowledge with regard to the allegations set forth in paragraph 46 of the Complaint and must therefore deny the same.

12. With regard to the allegations set forth in paragraph 47 of the Complaint, Defendants Thermcor, Inc. (Thermcor) and Walter L. Dixon admit that Thermcor mistakenly bid Coast Guard contract Sol. No. HSCG80-11-Q-P45MY7, a SDVOSB set aside ship repair contract. Defendant Walter L. Dixon, a service disabled veteran who owns 51% of Thermcor, incorrectly believed that he had qualified for formal designation as a service disabled veteran.

13. The allegations set forth in paragraph 49 of the Complaint are denied. On August 28, 2011, at approximately 4:00 p.m. a telephone call was received by Defendant Walter L. Dixon. The caller represented himself as a "Mister Hernandez" who was with the "Veteran's Affairs Verification Office". "Mister Hernandez" stated that he was calling to verify whether Walter Dixon was a veteran. Mr. Dixon advised "Mister Hernandez" that he was a veteran as clearly set forth on Walter Dixon's Form DD-214. Walter Dixon's status as a service disabled veteran was never discussed with any telephone caller on August 18, 2011.

14. With regard to the allegations set forth in paragraph 50 of the Complaint. Walter Dixon is a service disabled veteran; Walter Dixon has never "… admitted that he was not a Service Disabled veteran"; and, as set forth in Plaintiff's Exhibit 1, Mr. Adrian Battle has engaged in perjury in violation of 18 U.S.C. § 1621. Further, Mr. Battle has used, permitted the

use or facilitated the use of his perjured statement in this proceeding to the prejudice of the Defendants.

15. The Defendants deny each and every allegation set forth in paragraphs 51, 52, 54 and 58 of the Complaint.

16. With regard to the allegations set forth in paragraph 53 of the Complaint, Defendant Thermcor denies at any time misrepresenting its SDVOSB status in the United States' CCR and ORCA databases. In one instance Defendant, Walter Dixon, a service disabled veteran who owns 51% of Thermcor, mistakenly allowed Defendant Thermcor to bid Coast Guard contract Sol. No. HSCG80-11-Q-P45MY7.

17. With regard to the allegations set forth in paragraph 55 of the Complaint:

(a) No Defendant in this matter has at any time for any reason fraudulently misrepresented SDVOSB status; and

(b) as set forth in Defendants' Exhibit A (email of Derrick Storms, Esquire), upon information and belief, Plaintiff A1 through its counsel, Derrick Storms, Esquire, on August 19, 2011, attempted to obtain from Defendants Thermcor and Walter Dixon the sum of $469,857.83 in exchange for Derrick Storms' and A1s' silence with regard to allegations contained in the Complaint.

18. With regard to the allegations set forth in paragraph 56 of the Complaint, Thermcor, after investigation and upon realizing that Defendant Walter Dixon, a service disabled veteran who owns 51% of Thermcor, had mistakenly permitted Thermcor to bid Coast Guard contract Sol. No. HSCG80-11-Q-P45MY7, withdrew said bid. No Defendant herein has at any time fraudulently bid SDVOSB set aside contracts.

19. With regard to the allegations set forth in paragraph 59 of the Complaint:

(a) Defendants admit that on December 17, 2012, the Department of Defense (DOD) awarded Thermcor a $1,262,635.00 ship repair contract, Procurement Instrument Identifier (PIID) N3220513C3003;

(b) Defendants deny that the contract referred in Subsection 19(a) above was SDVOSB sole source. Thermcor was eligible to receive the contract;

(c) a clerical error (easily discoverable upon the exercise of basic pre-filing due diligence on the part of the Plaintiff A1) resulted in the mislabeling of said contract (in a single document) as a SDVOSB sole source ship repair contract; and

(d) No Defendant herein has at any time knowingly and fraudulently misrepresented to the DOD in CR and ORCA that Thermcor was a SDVOSB concern.

20. With regard to the allegations set forth in paragraph 60 of the Complaint, all Defendants deny that the DOD relied upon false and fraudulent SDVOSB certifications in awarding and paying Thermcor to perform PIID N3220513C3003 because PIID N3220513C3003 was not a SDVOSB sole source ship repair contract. Further, all Defendants herein deny that any Defendant or combination of Defendants have at any time falsely and fraudulently certified in CR and ORCA that Thermcor was a SDVOSB concern.

21. With regard to the allegations set forth in paragraph 62 of the Complaint:

(a) None of the Defendants herein have at any time falsely and fraudulently misrepresented Thermcor's SDVOSB status for any reason;

(b) Plaintiff A1's Exhibit 2 references 178 contracts;

(c) One out of 178 contracts listed in Plaintiff A1's Exhibit 2 is, as the result of a clerical error, inaccurately labeled as a SDVOSB sole source contract;

(d) None of the 178 contracts listed in Plaintiff A1's Exhibit 2 are SDVOSB

contracts. None of the 178 contracts listed in the Plaintiff A1's Exhibit 2 grant preference to SDVOSB concerns.

22. Defendants repeat and reallege paragraph 19 of Defendants' Answer as if fully set forth herein in response to paragraph 63 of the Complaint. Further, Defendants assert that the "Government" could not have relied upon any representation regarding Thermcor's SDVOSB status in any contract listed in Plaintiff A1's Exhibit 2. Plaintiff A1's allegation that the "Government" would not have awarded Thermcor any of the contracts listed in Plaintiff A1's Exhibit 2 due to poor moral character constitutes a frivolous, vexatious, malicious and baseless assertion designed to harass the Defendants.

23. With regard to the allegations set forth in paragraph 64 of the Complaint, Defendants repeat and reallege paragraphs 19 and 20 of Defendants' Answer as if fully set forth herein. Further, Defendants deny that Thermcor has at any time engaged in SDVOSB fraud.

24. With regard to the allegations set forth in paragraph 65 of the Complaint:

(a) Defendants Thermcor, Walter Dixon, Ronald Dixon and William Bolean admit that recertification is a component of remaining in the SBA 8(a) Program;

(b) Defendants Timothy Bolean, Dale Barnes and TLMG have no firsthand knowledge with regard to recertification as a component of remaining in the SBA 8(a) Program;

(c) Thermcor and Walter Dixon have annually and truthfully reported their net worth and total assets to the SBA since 2007.

25. With regard to the allegations set forth in paragraph 67 of the Complaint:

(a) Given the ambiguous speculative nature of the phrase "…make too much money…", Defendants must deny that if Thermcor and Walter Dixon "…made too much money…" Defendant Walter Dixon would not be considered economically disadvantaged per

SBA 8(a) regulations;

(b) Throughout Thermcor's participation in the SBA 8(a) Program, Defendants Thermcor, Walter Dixon and William Bolean have sought, obtained and relied upon professional accounting advice regarding all aspects of compliance with the SBA 8(a) Program; and

(c) based upon SBA's informed retention of Thermcor in the SBA 8(a) program, Defendants Thermcor and Walter Dixon have never "…made too much money…" for Walter Dixon not to be economically disadvantaged "per the 8(a) regulations…".

26. Each and every allegation set forth in paragraphs 68, 72, 73, 74 and 75 of the Complaint is denied.

27. With regard to the allegations set forth in paragraph 76 of the Complaint Defendants repeat and reallege paragraphs 17 and 18 of Defendants' Answer as if fully set forth herein and thereby deny each and every allegation in paragraph 76.

28. With regard to the allegations set forth in paragraph 77 of the Complaint,

(a) on April 18, 2011, Defendant Walter Dixon purchased a residence located at 1011 Quarter Horse Lane, Suffolk, Virginia;

(b) Defendants Ronald Dixon and William Bolean possess little information with regard to said purchase. Defendant TLMG and all other individual Defendants have no knowledge with regard to the transaction under the terms of which Walter Dixon purchased 1011 Quarter Horse Lane, Suffolk, Virginia;

(c) to the extent that any Defendant has knowledge of said transaction, each denies that 1011 Quarter Horse Lane, Suffolk, Virginia is a luxurious country estate.

29. Each and every allegation set forth in paragraphs 78, 79, 80, 81, 82, 84, 85 and 86 of the Complaint is denied.

30. With regard to the allegations set forth in paragraph 83 of the Complaint;

(a) Defendant Ronald Dixon denies that he is a minority owner of Thermcor, denies that he owns millions of dollars in assets, denies that he owns a million dollar home, denies that he has ever owned a yacht, denies that he has ever owned a boat worth more than $25,000.00, admits that he owns a GT 500 Shelby Cobra Mustang; admits he owns a Roush 5XR Mustang GT; admits that he owns two motorcycles; denies that he currently owns a F-150 Platinum series pickup truck; denies that he has ever owned a car trailer worth more than $5,000.00; and denies that he has ever owned a jet ski worth more than $8,000.00; and

(b) all other Defendants herein either have no knowledge or possess limited or tangential knowledge of Defendant's Ronald Dixon's assets.

31. With regard to paragraph 87 of the Complaint, the Defendants repeat and reallege paragraphs 1 through 30 of Defendants' Answer as if fully set forth herein.

32. Each and every allegation set forth in paragraphs 89 and 90 of the Complaint are denied.

33. With regard to the allegations set forth in paragraph 91 of the Complaint:

(a) neither Thermcor nor any individual Defendant has at any time intentionally or knowingly conceived, authored, made, submitted or caused to be submitted a false statement or certification to the federal government for any reason including, but not limited to, the purpose of causing the federal government to make or approve payment on a federal contract;

(b) neither Thermcor nor any individual Defendant has at any time intentionally and knowingly omitted any information due the federal government for any purpose, including but not limited to, the federal government making or approving payment on a federal contract; and

(c) each and every other allegation set forth in paragraph 91 of the Complaint is denied.

34. With regard to the allegations set forth in paragraph 92 of the Complaint:

(a) neither Thermcor nor any individual Defendant has at any time conceived, authored, made or caused to be made false records, statements and claims to be submitted to the "Government" for any reason;

(b) sole sources of any and all monies paid to Thermcor by the "Government" have been bids for contracts and change orders legally and appropriately submitted and awarded. The awards were followed by the timely completion of same at a cost less than that bid by Thermcor. Thermcor has consistently returned money to the "Government" upon completion of awarded contracts and change orders;

(c) neither Thermcor nor any individual Defendant has at any time conceived, authored, submitted or made to be submitted to the "Government" false and fraudulent statements and claims; and

(d) neither Thermcor nor any individual Defendant has at any time omitted any information due the "Government" for any purpose including, but not limited to, receiving payment of claims from the "Government".

35. Each and every allegation set forth in paragraph 93 of the Complaint is denied.

36. With regard to the allegations set forth in paragraph 94 of the Complaint, neither Thermcor nor any individual Defendant herein has at any time to the detriment of any entity named therein conceived, authored, made, used, submitted or caused to be authored, made, used or submitted any false records, statements or claims at any time. Further, neither Thermcor nor any individual Defendant has at any time omitted any information due the federal government

for any purpose as alleged in the Complaint. Thermcor and each individual Defendant denies that there exists any basis upon which to award damages, civil penalties, attorneys fees or costs as sought by Plaintiff A1 in this frivolous and vexatious action designed to harass the Defendants.

37. With regard to paragraph 96 of the Complaint, the Defendants repeat and reallege paragraphs 1 through 30 of Defendants' Answer as if fully set forth herein.

38. Each and every allegation set forth in paragraphs 98 and 99 of the Complaint are denied.

39. With regard to the allegations set forth in paragraph 100 of the Complaint, neither Thermcor nor any individual Defendant herein has at any time conceived, authored, made or caused to be made, to the federal government any false statement or certification for any reason including, but not limited to, causing the federal government to make or approve payment on a federal contract. Further, neither Thermcor nor any individual Defendant has at any time engaged in any omission with regard to the federal government for any reason including, but not limited to, causing the federal government to make or approve payment on a federal contract. All other allegations set forth in paragraph 100 of the Complaint are denied by each and every Defendant herein.

40. With regard to the allegations set forth in paragraph 101 of the Complaint, neither Thermcor nor any individual Defendant has at any time, conceived, authored, made, submitted or caused to be made or caused to be submitted to the "Government" false records, statements and claims for any reason including, but not limited to, the receipt of payment of claims from the "Government". Further, neither Thermcor nor any individual Defendant herein has at any time omitted any information due the "Government" for any reason including, but not limited to, the

receipt of payment of claims from the "Government".

41. Each and every allegation set forth in paragraph 102 of the Complaint is denied.

42. With regard to the allegations set forth in paragraph 103 of the Complaint, neither Thermcor nor any individual Defendant herein has at any time for any reason conceived, authored, made, submitted or caused to be made or submitted or conspired to conceive, author, make, submit or caused to be submitted to the federal government or the United States false records, statements or claims. Further, neither Thermcor nor any individual Defendant herein has at any time for any reason omitted or conspired to omit any information due the federal government or the United States. Thermcor and each individual Defendant herein denies that there exists any basis upon which to award damages, civil penalties, attorneys' fees or costs as sought by Plaintiff A1 in this frivolous and vexatious action designed to harass the Defendants.

43. With regard to the allegations set forth in paragraph 105 of the Complaint, the Defendants repeat and reallege paragraphs 1 through 30 of Defendants' Answer as if fully set forth herein.

44. Each and every allegation set forth in paragraphs 107 and 108 of the Complaint is denied.

45. With regard to the allegations set forth in paragraph 109 of the Complaint, Thermcor, TLMG and each individual Defendant denies the existence of any conspiracy as alleged therein. Each and every other allegation set forth in paragraph 109 of the Complaint is denied.

46. With regard to the allegations set forth in paragraph 110 of the Complaint, Thermcor, TLMG and each individual Defendant deny the existence of false records, statements, claims and/or omissions or any conspiracy in any manner related thereto allegedly made or

caused to be made by Thermcor, TLMG and all individual Defendants for any purpose including, but not limited to, receiving from "Government" payment claims. Each and every other allegation set forth in paragraph 110 of the Complaint is denied.

47. The allegations set forth in paragraph 111 of the Complaint are denied.

48. With regard to the allegations set forth in paragraph 112 of the Complaint, Thermcor, TLMG, and each individual Defendant deny the existence of false records, statements, claims and omissions or any conspiracy in any manner related thereto as alleged in paragraph 112 of the Complaint. Further Thermcor, TLMG, and each individual Defendant herein deny that there exists any basis upon which to award damages, civil penalties, attorneys' fees or costs as sought by Plaintiff A1 in this frivolous and vexatious action designed to harass the Defendants.

49. To the extent that any factual allegation contained in the Complaint, including its Exhibits, has not been addressed in paragraphs 1 through 48 of the Defendants' Answer to the Complaint, they are hereby expressly denied. As to the Complaint's Exhibits, the Defendants assert that they speak for themselves.

50. Plaintiffs are not entitled to any relief as demanded or requested by Plaintiff A1 in the Complaint.

51. To the extent the Complaint, including its Exhibits, contain allegations of law, no response by the Defendants is required. However, to the extent any allegation of law in the Complaint or its Exhibits assumes facts, contains factual allegations or alleges or implies factual conclusions, each and every said assumption, allegation or conclusion is denied.

52. To the extent that the Complaint makes allegations as to "TMLG, LLC ("TMLG")" the Defendants have responded as if the allegation is as to the Defendant, TLMG,

LLC, believing this to be a clerical error in the Complaint, but to the extent it is not the Defendants deny any and all allegations as to TMLG throughout the Complaint.

## ADDITIONAL DEFENSES

Defendants, by Counsel, further respond to the Complaint by asserting the following additional defenses:

52. Lack of subject matter jurisdiction.

53. Plaintiff, A1's lack of standing.

54. Plaintiff, A1 is not the real party in interest.

55. Public disclosure.

56. Plaintiff, A1 is not an original source.

57. Failure to state a claim upon which relief may be granted.

58. Government knowledge.

59. Lack of falsity and/or fraud.

60. Defendants reserve the right to assert any other applicable defenses available to them as the law and facts allow.

WHEREFORE, Defendants pray that this Court (a) award Defendants their attorney's fees and costs in this matter as the law and facts allow pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927; (b) award Defendants their costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1); (c) dismiss the Complaint; and (d) grant any other relief this Honorable Court may deem just and proper.

Dated: January 29, 2015.

    Respectfully Submitted,
Thermcor, Inc., Walter L. Dixon, Ronald L. Dixon, William M. Bolean, Timothy Bolean, Dale Barnes, and TLMG, LLC.

/s/ Graham T. Jennings, Esq.
Graham T. Jennings, Jr. (VSB#18542)
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

/s/ Barry C. Hodge, Esq.
Barry C. Hodge (VSB#34886)
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by via email and/or the CM/ECF System on January 29, 2015, on all counsel of record or parties on the Service List below.

## SERVICE LIST

Erik Anderson Cox, Esq.
Baker & McKenzie
815 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20006-4078
Telephone: (202) 452-7000
Email: erikcoxllc@gmail.com

Derrick Storm, Esq.*
Storms and Associates, P.A.
143 13th Street, Suite 4F
Brooklyn, New York  11215
Telephone: 917-635-9675
Email: storm001@hotmail.com
*Admitted Pro Hac Vice*
*Attorneys for Relator*


Clare P. Wuerker, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6361
Email: clare.wuerker@usdoj.gov

Susan Lynn Watt, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6331
Email: susn.watt@usdoj.gov
*Attorneys for United States*

/s/ Graham T. Jennings, Esq.
Graham T. Jennings, Jr. (VSB#18542)
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

/s/ Barry C. Hodge, Esq.
Barry C. Hodge (VSB#34886)
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net
Attorneys for Defendants

# EXHIBIT A

## Walter Dixon

**From:** Derrick Storms [dstorms@stormsandassociates.com]
**Sent:** Friday, August 19, 2011 10:12 AM
**To:** Walter Dixon
**Subject:** Legal Actions Against Thermcor, Inc & Mr. Walter Dixon: Fraudulently Bidding on SDVOSB Set-Aside Contracts

Dear Mr. Walter L. Dixon,

My client has informed this law firm that Thermcor, Inc located at 2601 Colley Avenue, Norfolk, VA 23517, has fraudulently bid on at least two (2) Service-Disabled Veteran-Owned Small Business ("SDVOSB") set-aside contracts. These SDVOSB set-aside contracts include:
1. Solicitation Number: HSCG80-11-Q-P45MY7 (Dockside Repairs to the USCGC DILIGENCE (WMEC-616).
2. Solicitation Number: N4044211T3034 (SDVOSB Set Aside for $2,967,237.00) 20--#3 Cargo Hold Service Order.

As a courtesy, this law firm is contacting you prior to commencing legal action against Thermcor, Inc and you personally for fraudulently bidding on these two SDVOSB set-aside federal contracts. First, regarding Sol. No.: HSCG80-11-Q-P45MY7, this firm will file a Small Business Administration ("SBA") protest if by 11:00 a.m. EST today Thermcor, Inc fails to withdraw from Sol. No.: HSCG80-11-Q-P45MY7 by emailing the contracting officer, Ms. Tomeka Evans, and stating that you are ineligible to receive award on this SDVOSB set-aside contract and are therefore withdrawing from this bid— our law offices must be cc-ed in this email to avoid further legal action.

Second, our client will refrain from filing a Qui Tam action under the False Claims Act, 31 U.S.C. § 3729-3730, against Thermcor, Inc and you personally for fraudulently bidding on Solicitations HSCG80-11-Q-P45MY7 and N4044211T3034. Thermcor, Inc has three (3) calendar days to compensate our client's damages in the amount of $469,857.83. We will not require you to withdraw from Solicitation number N4044211T3034. Please be advised that once this law firm files the Qui Tam action we cannot prevent the Department of Justice ("DOJ") from intervening and instituting civil penalties which include treble damages against Thermcor, Inc (3 times each award amount), fining Thermcor, Inc between $5,000 and $10,000 per each false claim (i.e., each invoice Thermcor, Inc submits for these SDVOSB contracts is considered a false claim), and permanently debarring Thermcor, Inc and you personally from bidding on future federal contracts. Additionally, we cannot prevent the DOJ from instituting criminal penalties against you, which may include jail time and criminal fines.

As a courtesy we will refrain from commencing the above legal action against Thermcor, Inc and you personally if you timely take the following actions:
1. Withdraw from Sol. No.: HSCG80-11-Q-P45MY7 by 11:00 a.m. EST and cc our firm.
2. Compensate our client's damages in the amount of $469,857.83 by August 22, 2011, 10:00 a.m. EST.

I advise you to consult a civil and criminal attorney immediately.

Sincerely,

Derrick Storms, Esq. (USMC, Ret.)
Attorney & Manager
STORMS AND ASSOCIATES, P.A.
1541 BRICKELL AVE., STE., 708
MIAMI, FL 33129
P: (786) 333-3623
F: (206) 426-3083
dstorms@stormsandassociates.com