IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION


**A1 PROCUREMENT, LLC,**

      Relator,

                            Civil Action No. 15-cv-00015
      v.                      (Smith, J.)(Leonard, M.J.)

**THERMCOR, INC;**
**WALTER L. DIXON;**
**RONALD L. DIXON**
**WILLIAM M. BOLEAN;**
**TIMOTHY BOLEAN;**
**DALE BARNES;**
**TLMG, LLC;**
**JOHN DOES 1-10,**

      Defendants.


**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S**
**MOTION TO COMPEL THE DEFENDANTS TO ADEQUATELY**
**RESPOND TO THE INTERROGATORIES, REQUEST FOR PRODUCTION**
**OF DOCUMENTS, AND REQUEST FOR ADMISSIONS**


**STORMS & ASSOCIATES, P.A.**
By: Derrick Storms, Esq.
143 13th St., Ste. 4F
Brooklyn, NY 11215
Tel: (917) 635-9675

**ERIK COX, L.L.C.**
By: Erik Cox Esq.
1440 Church St. N.W., Ste. 202
Washington, D.C. 20005
Tel: (202) 270-9113

*Attorneys for Relator*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

    A.    Overview Of The Case ............................................................ 1

    B.    Overview Of The Discovery Dispute ...................................... 1

        i)  Deficient Objections To Interrogatories
            And Document Request ...................................................... 1

        ii) Deficient Interrogatory And Admissions Responses,
            And Failure to Produce A Privilege Log ............................... 2

        iii) Deficient Document Responses ......................................... 2

ARGUMENT ..................................................................................................... 3

POINT I       THE DEFENDANTS RAISED IMPROPER OBJECTIONS TO THE
              INTERROGATORIES AND REQUEST FOR DOCUMENTS ................... 3

    A.    Deficient Relevancy And Overbreadth Objections........................................ 3

        i)  THERMCOR's Improper Relevancy And Overbreadth Objections ..... 4

        ii) TLMG's Improper Relevancy And Overbreadth Objections ............... 6

        iii) WALTER DIXON's Improper Relevancy And
            Overbreadth Objections .......................................................... 8

        iv) RONALD DIXON's Improper Relevancy And
            Overbreadth Objections .......................................................... 8

        v)  WIILIAM BOLEAN's Improper Relevancy And
            Overbreadth Objections .......................................................... 9

        vi) TIMOTHY BOLEAN's Improper Relevancy And
            Overbreadth Objections ........................................................ 10

        vii) DALE BARNES' Improper Relevancy And
            Overbreadth Objections ........................................................10

    B.    The Defendants Deficient Numerosity Objections ...................................... 10

    C.    The Defendants' Objections Were Untimely ............................................. 11

POINT II      THE DEFENDANTS SHOULD BE ORDERED TO
ADEQUATELY RESPOND TO THE INTERROGATORIES
AND DOCUMENT REQUESTS ............................................................ 12

A.  The Defendants Made False Interrogatory And Admissions Responses ....... 12

B.  The Defendants Provided Deficient Interrogatory Answers .......................... 14

    i)  THERMCOR's Deficient Interrogatory Answers ............................. 14

      1)  THERMCOR Improperly Referred To
Non-business Records In Lieu Of Providing Responses ...... 16

    ii)  TLMG's Deficient Interrogatory Answers........................................ 17

    iii) WALTER DIXON's Deficient Interrogatory Answers.................... 18

    iv) RONALD DIXON's Deficient Interrogatory Answers.................... 19

    v)  WILLIAM BOLEAN's Deficient Interrogatory Answers ............... 19

    vi) TIMOTHY BOLEAN's Deficient Interrogatory Answers............... 20

    vii)DALE BARNES' Deficient Interrogatory Answers.......................... 20

C.  The Defendants Failed To Produce Relevant Documents
Responsive To The Document Request ........................................................ 21

    i)  THERMCOR Failed To Produce Relevant Documents .................. 21

    ii)  WALTER DIXON Failed To Produce Relevant Documents .......... 21

    iii)  RONALD DIXON Failed To Produce Relevant Documents .......... 22

    iv)  WILLIAM BOLEAN Failed To Produce Relevant Documents ...... 22

    v)  TIMOTHY BOLEAN Failed To Produce Relevant Documents ..... 23

    vi)  DALE BARNES Failed To Produce Relevant Documents .............. 23

    vii) TLMG Failed To Produce Relevant Documents ............................. 23

D.  The Defendants Failed To Organize Their Document Production ............ 23

POINT III          BY FAILING TO PRODUCE A PRIVILEGE LOG
                   THE DEFENDANTS HAVE WAIVED ALL CLAIMS
                   OF PRIVILEGE ............................................................................ 24

          A.  The Defendants Failure To Produce A Privilege Log
              Results In Waiver Of Privilege ...................................................... 24

CONCLUSION ............................................................................................................ 25

## INTRODUCTION

Relator, A1 Procurement, LLC  ("Relator") respectfully moves this Court to Order

THERMCOR, INC; WALTER L. DIXON; RONALD L. DIXON; WILLIAM M. BOLEAN;

TIMOTHY BOLEAN, DALE BARNES; and TLMG, LLC (collectively "Defendants") to

produce adequate responses to the discovery requests served on them over two months ago.

### A.  Overview Of The Case

This *qui tam* False Claims Act ("FCA") action concerns corporate fraud where the

Defendants falsely represented  THERMCOR, INC ("THERMCOR") to be an eligible Service-

Disabled Veteran-Owned Small Business ("SDVOSB") and 8(a) Economically Disadvantaged

Business to fraudulently obtain $33,616,240 million dollars in federal government contracts.

### B.  Overview Of The Discovery Dispute

On March 9, 2015, Relator served discovery requests on each Defendant, to include

Interrogatories, Request for Production of Documents, and Request for Admissions ("discovery

requests").  The discovery requests were relevant to the claims and defenses in this action.

#### i)  Deficient Objections To Interrogatories And Document Request

On March 25, 2015, the Defendants untimely served boilerplate and improper objections

to the discovery requests.  On April 6, 2015, Relator, provided the Defendants with its **first

good-faith letter** explaining that the Defendants' objections to the discovery requests were

boilerplate and improper.  The letter provided the Defendants' with citations to authority

informing them *how* and *why* their objections were deficient.  The letter also advised that a

Privilege Log was required for claimed privileges. Annexed hereto as **EXHIBIT 1** is a copy of

Relator's first good-faith letter.[1]

---

[1] The **first meet-and-confer conference** regarding improper objections was on April 17, 2015.

### ii)  Deficient Interrogatory And Admissions Responses, And Failure to Produce A Privilege Log

On April 8, 2015, the Defendants served deficient Admissions responses, and on April 9, 2015—one day late—they served deficient Interrogatory responses.  To date, the Defendants have also failed to produce a Privilege Log for their numerous claims of privilege set forth in their objections.

In an effort to resolve the discovery dispute, on April 17, 2015, Relator provided the Defendants with a **second good-faith letter**, including citations to authority, explaining *how* and *why* the Defendants' Interrogatory and Admissions responses[2] were deficient.  Annexed hereto as **EXHIBIT 2** is a copy of Relator's second good-faith letter.  On April 21, 2015 Relator provided a **third good-faith letter** further explaining the discovery deficiencies.  Annexed hereto as **EXHIBIT 3** is a copy of the third good-faith letter.

### iii)  Deficient Document Responses

Ten days late, on April 18, 2015 the Defendants provided a "document dump" of unorganized documents in response to the Document Request.  Due to the unorganized production, Relator is unable to identify which documents are responsive, and among those that may be responsive, Relator is unable to identify which documents are responsive to which requests.

On April 30, 2015, Relator served its **fourth good-faith letter** to address the document deficiencies.[3]  A copy of the letter is annexed hereto as **EXHIBIT 4**.

---

[2] On April 23, 2015 the **second meet-and-confer conference** was held to discuss the deficient Interrogatories and Admissions, failure to produce a single document, and failure to produce a Privilege Log.

[3] The **third meet-and-conference** was held on May 5, 2015 regarding document deficiencies.

2

## ARGUMENT

### POINT I

### THE DEFENDANTS RAISED IMPROPER
### OBJECTIONS TO THE INTERROGATORIES
### AND REQUEST FOR DOCUMENTS

#### A.  Deficient Relevancy And Overbreadth Objections

The Defendants have withheld critical evidence relevant to the claims and defenses in this action by making improper relevancy objections to the Interrogatories and Request for Documents.  The Defendants' improper objections to the Interrogatories and Document Request are annexed hereto as **EXHIBIT 5**.

The Small Business Administration's ("SBA") 8(a) Economically Disadvantaged Business Program ("8(a) Program") provides lucrative no-bid contracts to businesses.  However, the 8(a) Program is designed to assists economically disadvantaged people.  Consequently, at any time the economically disadvantaged business owner's net worth exceeds $750,000 dollars, he is no longer eligible for the 8(a) Program.  *See* 13 CFR §124.104(c)(2).

Relator's discovery requests seeks information directly relevant to the claims and defenses in this action; therefore, the Defendants should be Ordered to produce the information. *See* Fed. R. Civ. P. 26 (commanding broad discovery of all relevant information); *see also National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992)("[F]airness in the disposition of civil litigation is achieved when the parties to the litigation have knowledge of the relevant facts, and therefore the discovery rules are given a broad and liberal treatment.")

3

i)  **THERMCOR's Improper Relevancy**
    **And Overbreadth Objections**

THERMCOR improperly objected to Document Request Nos. 1, 4, 5, 11, 15, 21-23, 25,

26, 33, 35, 36, 37, 39, 40, 45, 46, and 50-60 to the extent they sought information prior to

January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 1.  However,

information prior to January 1, 2007 is relevant because THERMCOR filed its 8(a) Program

application in 2007 and the government relied on information going back to 2005 when it made

its determination on the Defendants' 8(a) application.  *See* 13 CFR §124.104(c)(3)(i)("if an

individual's adjusted gross income averaged over the three years preceding submission of the

8(a) application exceeds $250,000, SBA will presume that such individual is not economically

disadvantaged."  Any false statements made to the government, going back to 2005, subject the

Defendants to FCA liability in this action.

THERMCOR also objected to Document Request No. 5 to the extent it requested non-8(a)

contracts based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 1.  However, the Defendants'

non-8(a) contracts are directly relevant to 8(a) compliance because the Defendants are required

to perform a number of non-8(a) contracts in the last 5 years of the 8(a) Program.  *See* 13 CFR

§124.509(b)(to maintain eligibility in the 8(a) Program a contractor must perform a portion of

non-8(a) contracts).  Any false statements the Defendants made to the government regarding

non-8(a) contracts subjects the Defendants to FCA liability in this action.

THERMCOR objected to Document Request Nos. 40, 42, and 52 based on relevancy,

overbreadth, their supposedly being unreasonably cumulative and duplicative.  However,

THERMCOR's assets are relevant to the Defendants' 8(a) eligibility, nor is this information

cumulative or duplicative because it is required to compute net worth going back to 2005.

Again, if WALTER DIXON's net worth surpasses $750,000, he is no longer eligible for the 8(a)

Program.  *See* 13 CFR §124.104(c)(2).  Consequently, THERMCOR's assets are directly relevant to the Defendants' FCA liability, nor is this evidence overbroad, unreasonably cumulative or duplicative because this information is required to compute net worth.

Additionally, THERMCOR improperly objected to Interrogatories Nos. 1-11, 17-21, 25-28, and 30 to the extent they sought information prior to January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 6.  As stated *supra* information prior to January 1, 2007 is relevant to this action and not overbroad because they are required to compute net worth going back to 2005.

Furthermore, every single objection THERMCOR made, to both the Interrogatories and Document Request, also fail on procedural grounds because they are all non-specific boilerplate objections in violation of E.D.Va. Local Civil Rule 26(C) ("Any such objections shall be *specifically stated.*")(emphasis added); *see also*, *Barb v. Brown's Buick, Inc*., 2010 WL 446638 at *1-2 (E.D. Va. Feb. 2, 2010)(striking defendants' boilerplate objections); *Cappetta v. Servs. P'ship*, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008)("General objections are not useful to the court ruling on a discovery motion, and a bare objection does not meet the standard for a successful objection."); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992)("the burden is on the person objecting to discovery."); *Meade v. Schlumberger Tech. Corp*., 2014 U.S. Dist. LEXIS 16318, at *3 (N.D. W. Va. Feb. 10, 2014)(holding "boilerplate objections to discovery requests are highly disfavored in the Fourth Circuit."); *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 356 (Oct. 15, 2008)("I noted an obvious violation of Fed. R. Civ. P. 33(b)(4) which requires that the grounds for objecting to an interrogatory must be stated with specificity, or else they are waived and the ruling in *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D.

5

651,655 (D. Md. 1997) also noting the obligation to particularize objections to interrogatories, on pain of waiver)."[4]

### ii) TLMG's Improper Relevancy And Overbreadth Objections

TLMG objected to Document Request Nos. 1, 4-8, 10, 15, 16, 20-23, 25- to the extent they sought information prior to January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 2.  However, as stated *supra*, the government relied on net worth statements going back to 2005.  And as cited above, any false statements made to the government, since 2005 subject the Defendants to FCA liability in this action.

TLMG objected to Document Request No. 5 based on relevancy and overbreadth. However, TLMG's contracts are relevant to this action for several reasons:

First, the Complaint alleges that the Defendants used TLMG to divest assets from THERMCOR through improper loans and excessive rental fees.  *See* First Amended Cpl. ¶ 73. Moreover, the Defendants' Interrogatories and TLMG's tax records substantiate Relator's allegations.  The Defendants have in fact used THERMCOR's cash to make loans to TLMG in order to purchase THERMCOR's headquarters, and—TLMG then turned around and rented the property back to THERMCOR at $144,000 dollars a year and WALTER DIXON, RONALD DIXON, and WILLIAM BOLEAN split the profits.  This appears to be a fraudulent conveyance of THERMCOR's assets made for the purpose of enriching WALTER DIXON, RONALD

---

[4] *See also*, *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. April 28, 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party ... because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F .R.D. 118, 132 (S.D.W.Va. Aug. 4, 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); "Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering. The Court requires strict adherence to these Rules." *Id.* at 132-32.

DIXON, and WILLIAM BOLEAN.  It is a violation of 8(a) regulations, and subjects the Defendants to FCA liability.  *See* 13 CFR §124.104(c)(1)(i)-(iii).

   Second, TLMG's contracts are directly relevant to assessing its market value.  Because WALTER DIXON owns 1/3 of TLMG, the company will be used to determine WALTER DIXON's net worth.  Again, the moment WALTER DIXON's net worth exceeded $750,000 he was no longer eligible for the 8(a) Program.  *See* 13 CFR §124.104(c)(2).  Relator believes that WALTER DIXON's net worth greatly exceeds $750,000 dollars and consequently, that he fraudulently certified 8(a) compliance to the government in violation of the FCA.

   TLMG objected to Document Request Nos. 10, 12, and 22 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 2-3.  However, as stated *supra* TLMG's assets are relevant to computing WALTER DIXON's net worth, nor is the request overbroad because the SBA relies on data going back to 2005.

   TLMG also improperly objected to Interrogatories Nos. 1-4, 7, and 8 to the extent they seek information prior to January 1, 2007.  *See* **EXHIBIT 5** at 6.  As stated *supra* information prior to January 1, 2007 is relevant to this action and not overbroad because they are required to compute net worth, nor is the request overbroad because the SBA relies on data going back to 2005.

   TLMG objected to Interrogatory No. 2 which sought information of TLMG's assets based on relevancy.  As stated *supra*, TLMG's assets are relevant to this action and not overbroad because they are required to compute net worth.

   Furthermore, every objection TLMG made, to both the Interrogatories and Document Request, also fail on procedural grounds because they are all non-specific boilerplate objections.  *See supra* (local rules require that objections be stated with specifity.)

### iii)    WALTER DIXON's Improper Relevancy And Overbreadth Objections

WALTER DIXON objected to Document Request Nos. 1-20, 22, 30-32, and 38-42 to the extent they sought information prior to January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 3.  However, WALTER DIXON's assets and financial statements are directly relevant to establish his net worth and are therefore relevant to this action, and the request is not overbroad because the SBA relies on data going back to 2005.

WALTER DIXON objected to Document Request Nos. 1, 3, 24, and 25 to the extent they seek information of WALTER DIXON's assets valued over $1,000 dollars.  However, WALTER DIXON's assets and financial statements are directly relevant to establish his net worth.

Additionally, WALTER DIXON improperly objected to Interrogatory Nos. 1-11, 13, 24-27, and 29 to the extent they seek information prior to January 1, 2007.  *See* **EXHIBIT 5** at 7. As stated *supra*, information prior to January 1, 2007 is relevant to this action, nor is it overbroad because the SBA relies on data going back to 2005.

Furthermore, every objection WALTER DIXON made, to both the Interrogatories and Document Request, also fails on procedural grounds because they are all non-specific boilerplate objections.  *See supra* (local rules require that objections be stated with specifity.)

### iv)    RONALD DIXON's Improper Relevancy And Overbreadth Objections

RONALD DIXON objected to Document Request Nos. 6-11 to the extent they sought information prior to January 1, 2007, based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 4. As stated *supra*, information prior to January 1, 2007 is relevant to this action, nor is it overbroad because the SBA relies on data going back to 2005.

Additionally, RONALD DIXON improperly objected to Interrogatory Nos. 1, 8, 21, 22 to the extent they sought information prior to January 1, 2007, based on relevancy and overbreadth. *See* **EXHIBIT 5** at 7. As stated *supra*, information prior to January 1, 2007 is relevant to this action.

Furthermore, every objection RONALD DIXON made, to both the Interrogatories and Document Request, also fails on procedural grounds because they are all non-specific boilerplate objections. *See supra* (local rules require that objections be stated with specifity.)

    **v)**      **WIILLIAM BOLEAN's Improper Relevancy And Overbreadth Objections**

WILLIAM BOLEAN objected to Document Request Nos. 6-11 to the extent these requests for production call for documents, information or items before January 1, 2007, based on relevancy and overbreadth. *See* **EXHIBIT 5** at 4-5. As stated *supra*, information prior to January 1, 2007 is relevant to this action, nor is it overbroad because the SBA relies on data boing back to 2005.

Additionally, WILLIAM BOLEAN improperly objected to Interrogatory Nos. 1, 8, 21, and 22 to the extent they sought information prior to January 1, 2007, based on relevancy and overbreadth. *See* **EXHIBIT 5** at 7-8. As stated *supra*, information prior to January 1, 2007 is relevant to this action, nor is it overbroad because the SBA relies on data going back to 2005.

Furthermore, every objection WILLIAM BOLEAN made, to both the Interrogatories and Document Request, also fails on procedural grounds because they are all non-specific boilerplate objections. *See supra* (requirement that objections be stated with specifity.)

### vi)   TIMOTHY BOLEAN's Improper Relevancy And Overbreadth Objections

TIMOTHY BOLEAN objected to Interrogatory Nos. 1, 8, 21, and 22 to the extent they sought information prior to January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 8.

As stated *supra*, information prior to January 1, 2007 is relevant to this action nor is it overbroad because the SBA relies on data going back to 2005.

Furthermore, every objection TIMOTHY BOLEAN made also fails on procedural grounds because they are all non-specific boilerplate objections.  *See supra* (requirement that objections be stated with specifity.)

### vii)   DALE BARNES' Improper Relevancy And Overbreadth Objections

DALE BARNES' objected to Interrogatory Nos. 1, 2, 9, and 21-23 to the extent they sought information prior to January 1, 2007 based on relevancy and overbreadth.  *See* **EXHIBIT 5** at 8.

As stated *supra*, information prior to January 1, 2007 is relevant to this action nor is it overbroad because the SBA relies on data going back to 2005.

Furthermore, every objection TIMOTHY BOLEAN made also fails on procedural grounds because they are all non-specific boilerplate objections.  *See supra* (requirement that objections be stated with specifity.)

### B.  The Defendants Deficient Numerosity Objections

Each Defendant asserted identical numerosity objections, stating that Relator exceeded "the number of allowed interrogatories, including subparts, per the Court's Rule 26(f) Pretrial Order."  *See generally* **EXHIBIT 5**.  However, this objection is improper because Relator did

not exceed the allotted 30 Interrogatory questions. *See* ECF 65 at 1 (Magistrate Judge Leonard allowing 30 Interrogatory question to be served on each Defendant.)

First, Relator did not exceed 30 interrogatory questions because each discrete subpart is "logically or factually subsumed within and necessarily related to the primary question." *Knisely v. National Better Living Ass'n, Inc.*, 2015 WL 574703, at *8 (N.D. W.Va. Feb. 11, 2015)(*rev'd on other grounds* 2015 WL 1097390.); *see also* Fed. R. Civ. P. 33 advisory committee's notes, 1993 amendments (clarifying that related questions are discrete subparts and should not be counted as separate questions.)

Second, the Defendants' numerosity objections are boilerplate because they do not specify which Interrogatories contain non-discrete subparts, nor do they explain how they are non-discrete; therefore, these objections are improper. *See supra* (requirement that objections be stated with specifity.)

## C. The Defendants' Objections Were Untimely

In addition to the objections lacking merit, the Defendants' objections to the Interrogatories and Document Requests were untimely, and therefore were waived on procedural grounds. *See* E.D.Va. Local Civil Rule 26(C)(objections must be made "within fifteen (15) days" of service.); *see also Caudle v. D.C.*, 263 F.R.D. 29, 33 (D.D.C. 2009)("[U]ntimely objections to discovery requests are waived.")(*citing In re Papst Licensing GMBH & Co. KG Litig.*, 550 F. Supp. 2d 17, 22 (D.D.C. 2008)). "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Relator requests that the Court find all of the Defendants' objections deficient, and Order the Defendants to produce responsive requests within 5 days of the Court's Order.

## POINT II

## THE DEFENDANTS SHOULD BE ORDERED
## TO ADEQUATELY RESPOND TO THE INTERROGATORIES
## AND DOCUMENT REQUESTS

**A.  The Defendants Made False Interrogatory And Admissions Responses**

On April 8, 2015, the Defendants served their Admissions responses, and on April 9, 2015 the Defendants untimely served their Interrogatory answers.  On April 21, 2015, Relator alerted defense counsel that Relator believes that the Defendants had made several material false statements in their Interrogatory and Admissions responses.  *See* **EXHIBIT 3** at 3-4 (third meet-and-confer letter advising defense counsel of false statements made by the Defendants).  Defense counsel said he would look into it, and have the Defendants supplement their Interrogatory and Admissions Responses.

On May 1, 2015, each Defendant served Supplemented Interrogatory and Admissions responses.  Annexed hereto as **EXHIBIT 6** is THERMCOR's Supplemental Interrogatory responses; **EXHIBIT 7** is TLMG's Supplemental Interrogatory responses; **EXHIBIT 8** is WALTER DIXON's Supplemental Interrogatory responses; **EXHIBIT 9** is RONALD DIXON's Supplemental Interrogatory responses; **EXHIBIT 10** is WILLIAM BOLEAN's Supplemental Interrogatory responses; **EXHIBIT 11** is TIMOTHY BOLEAN's Supplemental Interrogatory responses; **EXHIBIT 12** is DALE BARNES' Supplemental Interrogatory responses.

Annexed hereto as **EXHIBIT 13** is THERMCOR's Supplemental Admissions responses; **EXHIBIT 14** is WALTER DIXON's Supplemental Admissions responses; **EXHIBIT 15** is RONALD DIXON's Supplemental Admissions responses; **EXHIBIT 16** is WILLIAM BOLEAN's Supplemental Admissions responses; **EXHIBIT 17** is TIMOTHY BOLEAN's Supplemental Admissions responses; **EXHIBIT 18** is DALE BARNES' Supplemental Admissions responses.

Even though Relator pointed out the exact statements believed to be false to defense counsel, it appears that the Defendants continued to knowingly make false statements, in both their Supplemental Interrogatory and Admission responses, to include, *inter alia*, the following:

- The Defendants falsely stated that they did not make SDVOSB representations on THERMCOR's website.  *See* **EXHIBIT 6** No. 8(d), referencing **EXHIBIT 13** Nos. 4 and 7.

- The Defendants falsely stated that they only made SDVOSB representations to the government on one occasion and that it was a mistake.  *See* **EXHIBIT 13** No. 4-5.

- The Defendants falsely stated that DALE BARNES did not make SDVOSB representations on the government's Federal Business Opportunities website.  *See* **EXHIBIT 10** No. 19; **EXHIBIT 12** No. 1; **EXHIBIT 13** No. 19; **EXHIBIT 14** No. 19; **EXHIBIT 19** No. 19.

However, Relator is in possession of evidence that leads to the conclusion that the Defendants made false statements in their Supplemented Interrogatory and Admissions responses, to include, *inter alia*, the following:

- Prior to discovery demands being served on the Defendants, a screenshot of THERMCOR's website demonstrates that the Defendants had in fact made SDVOSB representations on their website.  Annexed hereto as **EXHIBIT 19** is a screen shot of THERMCOR's website prior to discovery demands being served clearly showing that SDVOSB representations were made.

- The Defendants stated that they only made SDVOSB representations on one occasion by mistake; however, government records indicate the Defendants made SDVOSB representations every year since 2011 to present on a variety of government databases.  *See* **EXHIBIT 20**.

- The Defendants falsely stated that DALE BARNES did not make SDVOSB representations on the government's Federal Business Opportunities website; however, the attached exhibit shows that he did.  *See* **EXHIBIT 21**.

Relator requests that the Court Order the Defendants to produce honest and accurate discovery responses within 5 days of the Court's Order and refrain from further false statements. In the event the Defendants fail to provide honest and accurate discovery responses—as to all

discovery demands—within 5 days of the Court's Order, Relator requests that the Defendants' Answer be stricken in its entirety.

### B.  The Defendants Provided Deficient Interrogatory Answers

#### i)  THERMCOR's Deficient Interrogatory Answers

THERMCOR provided inadequate responses to Interrogatory Nos. 1, 7, 8, 10, 11, 14, and 15-30.  *See* **EXHIBIT 6**.  THERMCOR's Supplemented Interrogatory Responses contain the following deficiencies:

In response to Interrogatory No. 1, THERMCOR's attached answer to Interrogatory No. 1 merely stated the salary of each employee, and failed to identify the distribution payments, dividends, and other compensation paid as requested.  *See* **EXHIBIT 6** attachment.  Relator request that the Court Order THERMCOR to produce an adequate response to Interrogatory No. 1 within 5 days of the Court's Order.

In response to Interrogatory No. 7, THERMCOR failed to identify and explain the factual support for its defenses.  THERMCOR's refusal to adequately disclose its defenses is improper and the Court should strike its defenses if it continues to refuse to disclose them.  *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co*., 246 F.R.D. 522, 526 (S.D.W. Va. 2007)(imposing sanctions for discovery abuses).  Relator requests that the Court Order THERMCOR to identify and explain its defenses within 5 days of the Court's Order.  In the event THERMCOR fails to provide adequate responses, Relator requests that the Court strike all of THERMCOR's defenses that it fails to adequately disclose.  *Id.*

In response to Interrogatory No. 8, THERMCOR raised a frivolous argument regarding the "methods" THERMCOR made its SDVOSB and 8(a) representations to the government.  Subpart (c) of that Interrogatory clearly lists the government databases where such representations are made, including FBO, CCR, ORCA, and SAM.  In light of THERMCOR's

frivolous answer to Interrogatory No. 8, Relator request an adverse inference instruction be made to the jury that THERMCOR intentionally and fraudulently made SDVOSB and 8(a) representations to the government in FBO, CCR, ORCA, and SAM for every contract it was awarded.  *See E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 803 F.Supp.2d 469, 509 (E.D.Va. July 21, 2011)("The most effective way to do that is by way of an instruction to the jury. "The spoliation of evidence rule allows the drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence, ... but also against one who fails to preserve or **produce evidence**....")(citing *Hodge v. Wal–Mart Stores, Inc.,* 360 F.3d 446, 450 (4th Cir. 2004)))(emphasis added.)

In response to Interrogatory No. 10, THERMCOR states that the person who instructed THERMCOR to bid on SDVOSB contracts was Sandra Tyree, a non-THERMCOR employee. Likewise, in response to Interrogatory 11(b), THERMCOR also states that Sandra Tyree, a non-THERMCOR employee, is the person who decided to bid on SDVOSB contracts at THERMCOR.  However, the questions ask which THERMCOR employee came up with the idea to bid on SDVOSB contracts.  Accordingly, Relator requests that the Defendants be instructed to provide the name of the THERMCOR employee who first came up with the idea to bid on SDVOSB contracts.

In response to Interrogatory No. 14, THERMCOR failed to identify which accountants and other professionals it relied non in support of its good faith defense raised in ¶ 25(b) of its Answer and explain the factual basis of its defense.  Relator requests that THERMCOR be Ordered to adequately identify and explain its defenses.

THERMCOR refused to respond to Interrogatories 15-30, citing frivolous numerosity objections.  Relator requests that THERMCOR be Ordered to adequately respond to Interrogatories 15-30 within 5 days of the Court's Order.

### 1)   THERMCOR Improperly Referred To Non-business Records In Lieu Of Providing Responses

In response to Interrogatory Nos. 2-5, 7, 11-14 THERMCOR referred to non-business records in lieu of providing a response.  *See* **EXHIBIT 6**.  This is improper.  Fed. R. Civ. P. 33(d), provides a narrow exception, allowing a party to provide a "business record" in lieu of a narrative response.  However, this exception applies solely to genuine "business records" as defined by the Federal Rules of Evidence—not to ordinary documents.  *See Davis v. Fendler,* 650 F.2d 1154, 1158 n. 3 (9th Cir.1981) ("It is apparent that the records of [various state offices] do not qualify as [] 'business records.' A party cannot, under the guise of Rule 33(c) [now Rule 33(d)], resort to such tactics."); *see also* Fed. R. Evid. 803(6) (to be a business record, the document must be kept in the ordinary course of a business and the document must be part of the regularly conducted activity for the business).  THERMCOR's defenses in this action are not business records, nor is THERMOCOR's market value, identity of the persons who bid on contracts, and identity of THERMCOR's assets business records.  Relator requests that the Defendants be Ordered to identify and explain its defenses and provide responsive answers to these interrogatories.

Nor may a party, as THERMCOR did here in Interrogatory No. 7, reference pleadings and other discovery devises in lieu of answering an interrogatory.  *See SEC v. Elfindepan, S .A.,* 206 F.R.D. 574, 577–78 (M.D.N.C. 2002) (holding that pleadings, depositions, exhibits, and affidavits referenced by SEC in interrogatory response were not business records as required by Rule 33(d)); *Melius v. Nat'l Indian Gaming Comm'n,* 2000 WL 1174994, at *1, n. 2 (D.D.C. July 21, 2000) (holding that a submission that cross-references pleadings and exhibits is not an adequate interrogatory response and stating, "Plaintiff cannot seriously protest that Fed. R. Civ. P. 33(d), which excuses a party from providing a narrative answer to an interrogatory by

16

producing business records, permits him to answer the interrogatory the way he did. The assertion that pleadings, depositions, or exhibits are 'business records' under this rule has been rejected by every court to consider it.") (citations omitted); *In re Savitt/Adler Litig.,* 176 F.R.D. 44, 49–50 (N.D.N.Y.1997) ("The records referred to by plaintiffs include depositions, answers to interrogatories by other parties and documents produced by defendants during discovery. None of these documents constitute business records of plaintiffs and, therefore, references to those documents and materials by plaintiffs in response to interrogatories was improper.")

Additionally, THERMCOR failed to produce any documents at the time it served its initial Interrogatory responses—it merely referenced non-existent documents.  And when THERMCOR did serve its Document Production, the documents were unorganized and simply lumped in a flash drive; therefore, it is impossible to know what documents refer to what Interrogatory responses.  Such a response is improper.  *See Kelatron v. Marlyn Nutraceuticals*, 2013 WL 4498722, at *2 (D. Utah, Aug. 21, 2013)("The appropriate answer when documents are to be used [under Rule 33(d) ] is to list the specific document provided [to] the other party and indicat[e] the page or paragraphs that are responsive to the interrogatory.").

Because THERMCOR has abused the business record option, Relator requests that the Court Order THERMCOR to provide documents within 5 days of the Court's Order.  Further, in the event the Defendants fail to adequately identify and describe any defense, Relator requests that the defense be stricken in its entirety and the Defendants be precluded from raising it at trial. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co*., at 526.

### ii)   TLMG's Deficient Interrogatory Answers

TLMG made inadequate responses to Interrogatory Nos. 5-8.  *See* **EXHIBIT 7**.

In response to Interrogatory No. 5, TLMG failed to identify the cash infusions and loans THERMCOR made to TLMG so it could acquire its assets.

In response to Interrogatory No. 6, TLMG failed to identify and explain its defenses in this lawsuit.

In response to Interrogatory No. 7, TLMG failed to identify party statements related to the claims and defenses in this action, and raised an improper "subject to objection." *See Sprint Communs. Co., L.P. v. Comcast Cable Communs.*, LLC, 2014 U.S. Dist. LEXIS 16938, at *8 (D. Kan. Feb. 11, 2014)(subject to objections are "manifestly confusing (at best) and misleading (at worse)[.]"

In response to Interrogatory No. 8 TLMG referenced non-business records in lieu of responding.

Relator requests that the Court Order TLMG to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

### iii)   WALTER DIXON's Deficient Interrogatory Answers

WALTER DIXON made inadequate responses to Interrogatory Nos. 3-4, 6-9, 11-14, and 16-30. *See* **EXHIBIT 8**.

In response to Interrogatory No. 3 WALTER DIXON failed to provide the market value of each vehicle.

In response to Interrogatory Nos. 4, 6-9, 11, 13, 17-19, 21, and 22 WALTER DIXON referenced non-business records in lieu of answering the question.

In response to Interrogatory No. 12, 14-16, 20, and 23-30 WALTER DIXON failed to provide an adequate response.

Relator requests that the Court Order WALTER DIXON to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

### iv)  RONALD DIXON's Deficient Interrogatory Answers

In response to Interrogatory Nos. 7, 16, 17, 19, 20, 23, 24, and 26-30 RONALD DIXON made inadequate responses.  *See* **EXHIBIT 9**.

In response to Interrogatory No. 25 RONALD DIXON referenced non-business records in lieu of answering the question.

In response to Interrogatories Nos. 11, 12, 15, 18, 19, 20, 23, and 24 RONALD DIXON made improper lack of knowledge responses.  A party answering an Interrogatory question is under "a severe duty to make every effort to obtain the requested information, and if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information."  *Richardson v. Ford Motor Co*., 2014 WL 6471499, at *4 (S.D.W.Va. Nov. 18, 2014); *see also Hickman v. Wal–Mart Stores, Inc.,* 152 F.R.D. 216, 223 (M.D.Fl. 1993)("[The defendant] has a duty to make a reasonable search of its business records and make a reasonable inquiry of its employees and agents in order to obtain the information asked in Plaintiff's interrogatories."); *Gonzales v. City of Albuquerque,* 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010) ("The Defendants must make a reasonable effort to answer these interrogatories, including talking to employees and looking at documents.")

Relator requests that the Court Order RONALD DIXON to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

### v)  WILLIAM BOLEAN's Deficient Interrogatory Answers

In response to Interrogatory Nos. 13, 16, 17, 18, 19, 20, 22, 24, and 26-30 WILLIAM BOLEAN made inadequate responses.  *See* **EXHIBIT 10**.

In response to Interrogatory Nos. 21, 23, 25 WILLIAM BOLEAN referenced non-business records in lieu of answering the question.

In response to Interrogatories No. 11, WILLIAM BOLEAN made improper lack of knowledge responses.

Relator requests that the Court Order WILLIAM BOLEAN to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

### vi)  TIMOTHY BOLEAN's Deficient Interrogatory Answers

In response to Interrogatory Nos. 13, 16, 17, 18, 19, 20, 22, 24, and 26-30 TIMOTHY BOLEAN made inadequate responses.  *See* **EXHIBIT 11**.

In response to Interrogatory Nos. 21, 23, and 25 TIMOTHY BOLEAN referenced non-business records in lieu of answering the question.

In response to Interrogatories Nos. 9, 11, and 12 TIMOTHY BOLEAN made improper lack of knowledge responses.

Relator requests that the Court Order TIMOTHY BOLEAN to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

### vii)  DALE BARNES' Deficient Interrogatory Answers

In response to Interrogatory Nos. 1 and 16 DALE BARNES appears to have made material false statements.  *See* **EXHIBIT 12.**

In response to Interrogatories Nos. 11, 15, 17-23, and 26-30 DALE BARNES made inadequate responses.

In response to Interrogatory Nos. 14, DALE BARNES referenced non-business records in lieu of answering the question.

In response to Interrogatories Nos. 10, 12, 24, 25 DALE BARNES made improper lack of knowledge responses.

Relator requests that the Court Order DALE BARNES to provide adequate responses to these discovery deficiencies within 5 days of the Court's Order.

**C. The Defendants Failed To Produce Relevant Documents
Responsive To The Document Request**

**i)   THERMCOR Failed To Produce Relevant Documents**

THERMCOR failed to produce the following documents:

- Current resumes for its ten most senior employees. *See* **EXHIBIT 22** No. 3.

- Copies of its contracts.  *See* **EXHIBIT 22** No. 5.

- Documents relating to government investigations of THERMCOR, settlement agreements, and criminal misconduct.  *See* **EXHIBIT 22** Nos. 6-9.

- SDVOSB and 8(a) certifications THERMCOR made to the government and on government databases.  *See* **EXHIBIT 22** Nos. 10-11.

- Documents it sent to the SBA its initial and annual 8(a) renewable applications.  *See* **EXHIBIT 22** Nos. 12-13.

- The Department of Veterans Affairs ("VA") decision denying WALTER DIXON's disability claim.  *See* **EXHIBIT 22** No. 22.

- Copies of Solicitations and bid documents.  *See* **EXHIBIT 22** Nos. 23-27.

- The VA's denial of THERMCOR's Vendor Information Pages ("VIP") application to bid on SDVOSB contracts.  *See* **EXHIBIT 22** No. 15.

- THERMCOR's accounting statements, financial statements, 401 k accounts, net worth statements, documents of its assets, car registration, boat registration, numerous tax records and W-2s, cash infusions it made to entities, and loans.  *See* **EXHIBIT 22** Nos. 4, 35-37, 39, 50-60.

- Party statements relevant to the claims or defenses of this action.  *See* **EXHIBIT 22** Nos. 48-49.

- Documents supporting the Defendants' defenses in this lawsuit.  *See* **EXHIBIT 22** No. 29.

- Invoices for SDVOSB and 8(a) contracts THERMCOR was awarded.  *See* **EXHIBIT 22** No. 28.

**ii)  WALTER DIXON Failed To Produce
Relevant Documents**

WALTER DIXON failed to produce the following documents:

21

- Real estate deeds and ownership documents for assets valued over $1,000.  *See* **EXHIBIT 23** Nos. 1-4.

- Bank account statements.  *See* **EXHIBIT 23** No. 5.

- Investments, retirement accounts, 401k accounts, businesses he owns, stocks, bonds, mutual funds, life insurance policy, and other investment accounts.  *See* **EXHIBIT 23** Nos. 6-9, 20.

- Bylaws of each business he owns.  *See* **EXHIBIT 23** No. 10.

- Ownership document for vehicles and boats he owns.  *See* **EXHIBIT 23** No. 11-12.

- Individual tax records and W-2 tax records.  *See* **EXHIBIT 23** Nos. 22, 30, 31.

- Service connected disability determination from the Department of Veterans Affairs.  *See* **EXHIBIT 23** No. 29.

- Documents relating to his defenses in this lawsuit.  *See* **EXHIBIT 23** No. 33.

- Documents he submitted to the SBA relating to THERMCOR's 8(a) applications.  *See* **EXHIBIT 23** No. 34.

- Financial statements, credit applications, loan applications, financial obligations, cash infusions.  *See* **EXHIBIT 23** Nos. 38-42.

### iii) RONALD DIXON Failed To Produce Relevant Documents

RONALD DIXON failed to produce the following documents:

- Documents related to his defenses in this action.  *See* **EXHIBIT 24**, No. 2.

- Business ownership documents.  *See* **EXHIBIT 24**, No. 6.

- His individual tax returns and W2s since 2005.  *See* **EXHIBIT 24**, No. 8-10.

### iv) WILLIAM BOLEAN Failed To Produce Relevant Documents

WILLIAM BOLEAN failed to produce the following documents:

- Documents related to his defenses in this action.  *See* **EXHIBIT 25**, No. 2.

- Business ownership documents.  *See* **EXHIBIT 25**, No. 6.

- His individual tax returns and W2s since 2005.  *See* **EXHIBIT 25**, No. 8-10.

### v)  TIMOTHY BOLEAN Failed To Produce Relevant Documents

TIMOTHY BOLEAN failed to produce the following documents:

- Documents related to his defenses in this action.  *See* **EXHIBIT 26**, No. 2.

### vi)  DALE BARNES Failed To Produce Relevant Documents

DALE BARNES failed to produce the following documents:

- Documents related to his defenses in this action.  *See* **EXHIBIT 27**, No. 2.

- Documents where he identified THERMCOR as an SDVOSB or 8(a) company on FBO. *See* **EXHIBIT 27**, No. 3.

### vii)  TLMG Failed To Produce Relevant Documents

TLMG failed to produce the following documents:

- Financial statements and net worth statements.  *See* **EXHIBIT 28**, Nos. 4, 27.

- Contracts.  *See* **EXHIBIT 28**, No. 5.

- List of assets valued over $1,000.  *See* **EXHIBIT 28**, No. 10.

- Grants it obtained.  *See* **EXHIBIT 28**, No. 15.
- Loans, promissory notes, financial obligations, cash infusions.  *See* **EXHIBIT 28**, Nos. 27-31.

### D.  The Defendants Failed To Organize Their Document Production

The documents that the Defendants did produce were provided via a "document dump" in an unorganized flash drive in violation of FRCP 34(b)(2)(E)(i)(responding party "must organize and label [document production] to correspond to the categories in the request".)  Due to the

Defendants unorganized document production, Relator has no way of knowing which questions the documents respond to.

Relator requests that the Court Order the Defendants to produce all outstanding documents within 5 days of the Court's Order and to provide an organized document production in compliance with Fed. R. Civ. P. 34(b)(2)(E)(i).

**POINT III**

**BY FAILING TO PRODUCE A
PRIVILEGE LOG THE DEFENDANTS HAVE
WAIVED ALL CLAIMS OF PRIVILEGE**

**A.    The Defendants Failure To Produce A Privilege Log
Results In Waiver Of Privilege**

The Defendants made numerous privilege claims in their objections; however, they failed to provide a Privilege Log. *See generally* **EXHIBIT 5**. The Defendants' failure to provide a Privilege Log has waived their claims of privileges. *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 271-72 (E.D. Va. March 17, 2004)(holding an insufficient privilege log waives the asserted privilege.)

Relator requests an Order finding that all of the Defendants' claims of privilege have been waived due to their failure to provide a Privilege Log. Alternatively, Relator requests that the Court Order the Defendants to produce a Privilege Log within 5 days of the Court's Order.

## **CONCLUSION**

Relator respectfully requests that the Court Order the Defendants to produce all

outstanding discovery deficiencies within 5 days of the Court's Order, together with costs and

attorney's fees.

Dated: May 12, 2015

Respectfully submitted,

/s/ Derrick Storms
Derrick Storms, Esq.
STORMS AND ASSOCIATES, P.A.
143 13th Street, Ste. 4F
Brooklyn, New York 11215
Tel: (917) 635-9675
Email: storms001@hotmail.com
* Admitted pro hac vice

/s/ Erik Cox
Erik Cox Esq. (VSB #46775)
1440 Church St. N.W., Ste. 202
Washington, D.C. 20005
Tel: (202) 270-9113
Fax: (202) 588-8921
Email: erikcoxllc@gmail.com

*Attorneys for Relator*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing and all supporting exhibits and declarations were served on the Defendants via the ECF system at the date of this filing.

/s/ Erik Cox _____
Erik Cox Esq.

26