IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

A1 PROCUREMENT, LLC,

    PLAINTIFF-RELATOR,

v.                                                                           Civil Action No. 2:15-cv-00015-RBS-LRL.

THERMCOR, INC., et. al.,

    DEFENDANTS.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF-RELATOR'S FIRST DISCOVERY REQUESTS**

      COME NOW Defendants, by and through counsel, pursuant to this Court's Rule 26(f) Pretrial Order, and serve their objections to Plaintiff-Relator's First Discovery Requests upon Defendants.

    **Plaintiff-Relator's First Request for Production of Documents to Defendant, Thermcor, Inc.**

      Request for Production Nos. 1, 4, 5, 11, 15, 21, 22, 23, 25, 26, 33, 35, 36, 37, 39, 40, 45, 46, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60.

      <u>Response</u>: Objection to the extent these requests for production call for documents, information or items before January 1, 2007 based on relevancy and overbreadth.

      Request for Production No. 5.

      <u>Response</u>: Objection to the extent this request for production calls for all contracts beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

      Request for Production Nos. 29, 30, 48, 49.

Page **1** of **11**

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privilege Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 38.

Response: Objection to this request for production, based on relevancy, overbreadth, unreasonably cumulative and duplicative.

Request for Production Nos. 40, 42, 52.

Response: Objection to the extent these requests for production call for all documents, information or items valued over $1,000.00 which are beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Request for Production No. 47a.

Response: Objection to this request for production since it calls for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

**Plaintiff-Relator's First Request for Production of Documents to Defendant, TLMG, LLC**

Request for Production Nos. 1, 4, 5, 6, 7, 8, 10, 15, 16, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31.

Response: Objection to the extent these requests for production call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Request for Production No. 5.

Response: Objection to the extent this request for production calls for all contracts beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Request for Production Nos. 18, 19.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 9.

Response: Objection to this request for production, based on relevancy, overbreadth, unreasonably cumulative and duplicative.

Request for Production Nos. 10, 12, 22.

Response: Objection to the extent these requests for production call for all documents, information or items valued over $1,000.00 which are beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Request for Production No. 17a.

Response: Objection to this request for production since it calls for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

**Plaintiff-Relator's First Request for Production of Documents to Defendant, Walter L. Dixon**

Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 30, 31, 32, 38, 39, 40, 41, 42.

Response: Objection to the extent these requests for production call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Request for Production Nos. 33, 36, 37.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 32.

Response: Objection to this request for production based on relevancy, overbreadth, unreasonably cumulative and duplicative.

Request for Production Nos. 1, 3, 24, 25.

Response: Objection to the extent these requests for production call for all documents, information or items valued over $1,000.00 which are beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Request for Production No. 35a.

Response: Objection to this request for production since it calls for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

**Plaintiff-Relator's First Request for Production of Documents to Defendant, Ronald L. Dixon**

Request for Production Nos. 6, 7, 8, 9, 10, 11.

Response: Objection to the extent these requests for production call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Request for Production Nos. 2, 5, 13, 14, 15.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privilege Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 11.

Response: Objection to this request for production based on relevancy, overbreadth, unreasonably cumulative and duplicative.

Request for Production No. 12a.

Response: Objection to this request for production since it calls for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

**Plaintiff-Relator's First Request for Production of Documents to Defendant, William M. Bolean**

Request for Production Nos. 6, 7, 8, 9, 10, 11.

Response: Objection to the extent these requests for production call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Request for Production Nos. 2, 5, 13, 14, 15.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work

product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 11.

Response: Objection to this request for production based on relevancy, overbreadth, unreasonably cumulative and duplicative.

Request for Production No. 12a.

Response: Objection to this request for production since it calls for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

### Plaintiff-Relator's First Request for Production of Documents to Defendant, Timothy Bolean

Request for Production Nos. 2, 5, 6.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production No. 7a.

Response: Objection to this request for production since it call for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

### Plaintiff-Relator's First Request for Production of Documents to Defendant, Dale Barnes

Request for Production Nos. 2, 5, 6, 8.

Response: Objection to the extent these requests for production call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Request for Production Nos. 7a.

Response: Objection to this request for production since it call for information covered by the work product doctrine and is already controlled by this Court's Rule 16(b) Scheduling Order.

**Plaintiff-Relator's First Set of Interrogatories to Defendant, Thermcor, Inc.**

Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 25, 26, 27, 28, 30.

Response: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Response: Objection to the extent this Interrogatory calls for all documents, information or items valued over $1,000.00 which are beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Interrogatory Nos. 14, 14a, 14b, 14c.

Response: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privilege Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 11d through 30k, including subparts.

Response: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

**Plaintiff-Relator's First Set of Interrogatories to Defendant, TLMG, LLC.**

Interrogatory Nos. 1, 2, 3, 4, 7, 8.

Response: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007 based on relevancy and overbreadth.

Interrogatory No. 2.

Response: Objection to the extent this Interrogatory calls for all documents, information or items valued over $1,000.00 which are beyond the scope of the allegations in the First Amended Complaint, based on relevancy and overbreadth.

Interrogatory No. 7.

Response: Objection to the extent this Interrogatory calls for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

### Plaintiff-Relator's First Set of Interrogatories to Defendant, Walter L. Dixon

Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 24, 25, 26, 27, 29.

<u>Response</u>: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Interrogatory Nos. 22, 22a, 22b, 22c.

<u>Response</u>: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privilege Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 11d through 30d, including subparts.

<u>Response</u>: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

### Plaintiff-Relator's First Set of Interrogatories to Defendant, Ronald Dixon

Interrogatory Nos. 1, 8, 21, 22.

<u>Response</u>: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Interrogatory Nos. 21, 22, 22a, 22b, 26.

<u>Response</u>: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 26 through 29, including subparts.

<u>Response</u>: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

### Plaintiff-Relator's First Set of Interrogatories to Defendant, William Bolean

Interrogatory Nos. 1, 8, 21, 22.

Response: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Interrogatory Nos. 21, 22, 22a, 22b, 26.

Response: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 26 through 30, including subparts.

Response: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

**Plaintiff-Relator's First Set of Interrogatories to Defendant, Timothy Bolean**

Interrogatory Nos. 1, 8, 21, 22.

Response: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Interrogatory Nos. 21, 22, 22a, 22b, 26.

Response: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 26 through 30, including subparts.

Response: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

**Plaintiff-Relator's First Set of Interrogatories to Defendant, Dale Barnes**

Interrogatory Nos. 1, 2, 9, 21, 22, 23.

Response: Objection to the extent these Interrogatories call for documents, information or items before January 1, 2007, based on relevancy and overbreadth.

Interrogatory Nos. 22, 23, 23a, 23b, 26.

Response: Objection to the extent these Interrogatories call for documents, information or items protected from discovery by the attorney-client privilege and/or work product doctrine (Privileged Log Categories: attorneys' notes, memos, research, correspondence with clients or co-counsel).

Interrogatory Nos. 26 through 30, including subparts.

Response: Objection to these Interrogatories based on exceeding the number of allowed interrogatories, including subparts, per this Court's Rule 26(f) Pretrial Order.

Dated: March 25, 2015.

    Respectfully Submitted,
    Thermcor, Inc., Walter L. Dixon, Ronald L. Dixon,
    William M. Bolean, Timothy Bolean, Dale Barnes,
    and TLMG, LLC.

    /s/ Graham T. Jennings, Esq.
    Graham T. Jennings, Jr. (VSB#18542)
    Graham T. Jennings, Jr., P.C.
    P.O. Box 426
    3810 Old Courthouse Tavern Lane
    Powhatan, Virginia 23139
    (804) 598-7912
    (804) 598-6379 (Facsimile)
    Email: powlaw@verizon.net

    /s/ Barry C. Hodge, Esq.
    Barry C. Hodge (VSB#34886)
    Barry C. Hodge, Attorney and Counsellor at Law
    P.O. Box 1249
    3810 Courthouse Tavern Lane
    Powhatan, Virginia 23139
    (804) 598-0044
    (877) 598-4668 (Facsimile)
    Email: barrychodgeesq@verizon.net
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served by via email and/or the CM/ECF System on March 25, 2015, on all counsel of record or parties on the Service List below.

## SERVICE LIST

Erik Anderson Cox, Esq.
Baker & McKenzie
815 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20006-4078
Telephone: (202) 452-7000
Email: erikcoxllc@gmail.com

Derrick Storm, Esq.*
Storms and Associates, P.A.
143 13th Street, Suite 4F
Brooklyn, New York  11215
Telephone: 917-635-9675
Email: storm001@hotmail.com
*  *Admitted Pro Hac Vice*
Attorneys for Relator


Clare P. Wuerker, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6361
Email: clare.wuerker@usdoj.gov

Susan Lynn Watt, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6331
Email: susan.watt@usdoj.gov
Attorneys for United States

/s/ Graham T. Jennings, Esq.
Graham T. Jennings, Jr. (VSB#18542)
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

/s/ Barry C. Hodge, Esq.
Barry C. Hodge (VSB#34886)
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net
Attorneys for Defendants