**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**A1 PROCUREMENT, LLC,**

      **RELATOR,**

**v.**                         **Case No. 15-cv-00015**
                               **(Smith, J.)(Leonard, M.J.)**

**THERMCOR, INC., et. al.,**

      **DEFENDANTS.**

**DEFENDANT, WILLIAM BOLEAN'S FIRST SUPPLEMENTAL RESPONSES TO**
**RELATOR'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT WILLIAM BOLEAN**

Relator A1 Procurement, LLC, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, hereby requests that Defendant William Bolean answer the following First Set of

Interrogatories, separately, fully, and under oath within (30) days of service.

## INTERROGATORIES

1.      Identify your job title, duties, and responsibilities at THERMCOR, by year, from January 1, 2005 to present.

RESPONSE: Vice President and C.F.O.  Duties and responsibilities include: marketing, paying bills, budgeting, designing new insulation systems, human resources, accounts payable, lawn maintenance, building design and maintenance, taxes, payroll, and archives.

2.      Identify the number of years you have been employed in the field of federal government procurement.

RESPONSE: Twelve.

3.      Identify and explain how you ensured that THERMCOR is an eligible SDVOSB and/or 8(a) concern prior to bidding on an 8(a) and/or SDVOSB contract.


RESPONSE: As to 8(a), I was instrumental in crafting the 8(a) certification application, responding to all supplements thereto, and completing yearly 8(a) BDMS.  As to SDVOSB, I did not ensure that THERMCOR was an eligible Service Disabled Veteran Owned Small Business.

FIRST SUPPLEMENT: In the foregoing paragraph it should read "BDMIS" which stands for Business Development Management Information System.

4.      Identify and explain how you ensured that THERMCOR was an eligible
        SDVOSB and/or 8(a) concern prior to identifying THERMCOR as an SDVOSB
        concern on THERMCOR's website and/or on any government website.


        RESPONSE: I did not ensure that THERMCOR was an eligible Service Disabled

Veteran Owned Small Business.

5.      Identify your immediate supervisor at THERMCOR and explain in detail how this person instructs and supervises you at work.

RESPONSE: None.

6.      Identify any person you supervisor at THERMCOR.
        a.   State how you supervise this person.


RESPONSE: Carolyn Dixon, Bookkeeper, Cynthia Morey, Administrative Assistant,

Christina Bramble, Facility Security Officer and Secretary.  Assign daily, weekly and long term

projects and evaluate.

7.     Identify the extent of your knowledge of THERMCOR's annual gross and/or net
       profits.
       a.   List the information that you have knowledge of.

RESPONSE: As C.F.O. I have extensive knowledge of THERMCOR's finances,

including annual gross and/or net profits.

FIRST SUPPLEMENT: As to subpart a; the information that I have knowledge of is

income statements, balance sheets, tax returns, and reviewed financials.

8. State your annual salary, bonuses, and other compensation, paid to him by THRMCOR, by year, from January 1, 2005 to present.

RESPONSE: Pursuant to Rule 33(d) see documents produced in response to Request to Produce No. 8.

FIRST SUPPLEMENT: The aforementioned Rule 33(d) reference to Request to Produce No. 8 requests business records of mine and of Thermcor, a party in this case, my employer and the entity at issue in this question. See also response to Thermcor Interrogatory No. 1.

9.      Explain your knowledge of any service-connected disability determination
        WALTER DIXON received from the Department of Veterans Affairs.


RESPONSE: I have no knowledge.

10. Did you ever make an inquiry to any THERMCOR employee and/or officer regarding WALTER DIXON's status as a service-disabled veteran.

RESPONSE: No.

11.     State your knowledge relating to any SBA investigation of THERMCOR's
        SDVOSB status.


RESPONSE: None.

12.     State your knowledge relating to an August 18, 2011 phone conversation, WALTER DIXON had regarding his service-connected disability status.

RESPONSE: No first hand knowledge.

FIRST SUPPLEMENT: I have no first hand knowledge and after several years only recall that Walter Dixon after that call (I believe on that date) mentioned that someone (perhaps a Mr. Gonzales) from the Veterans Administration called about his Veteran status.

13.    Identify each 8(a) contract you assisted THERMCOR bid on:
a.  State if you are presently continuing to assist THERMCOR bid on 8(a) contracts.
b.  If no, state why.


RESPONSE: All MSC and NOAA contracts, Some ACOE contracts and most USCG contracts and I continue to assist THERMCOR with 8(a) contracts.

FIRST SUPPLEMENT: MSC stands for Military Sealift Command, NOAA stands for National Oceanic and Atmospheric Administration, ACOE stands for Army Corps or Engineers, USCG stands for United States Coast Guard, and pursuant to Rule 33(d) see Request to Produce No. 5 of Thermcor, a party in this case, my employer and the entity at issue in this question.

14.    Identify each SDVOSB contract you assisted THERMCOR bid on:
   a.  State if you are presently continuing to assist THERMCOR bid on SDDVOSB
       contracts.
   b.  If no, state why.


RESPONSE: None.

15. Identify the persons at THERMCOR who authorized, ratified, and/or approved you to bid on SDVOSB and/or 8(a) contracts, and who came up with the idea for THERMCOR to bid on SDVOSB set-aside contracts at THERMCOR:

RESPONSE: At to 8(a) contracts, I did. As to SDVOSB, see response to Interrogatory

No. 14.

16.     Who instructed and/or authorized you to bid on Solicitation numbers,
        N3220513R3000 and HSCG80-11-Q-P45MY7.


RESPONSE: Never bid on the latter and can't recall bidding on the former.

FIRST SUPPLEMENT: Since Solicitation Number N3220513R3000 was just discovered

this question will be supplemented.

17.     Explain in detail how THERMCOR mistakenly bid on Solicitation No. HSCG80-11-Q-P45MY7 as stated in paragraph 16 and 18 of your answer in this lawsuit.

RESPONSE: See response to Interrogatory No. 16.

18.    Explain in detail—and under oath—how Adrian Battle perjured him as set forth in paragraph 14 of your answer in this lawsuit.

RESPONSE: No first hand knowledge.

FIRST SUPPLEMENT: I have no first hand knowledge but recall that Mr. Battle stated he had a phone conversation with Walter Dixon and said that conversation was the same date and time as the phone call referenced in Interrogatory No. 12 which would mean he was representing himself under a false name.

19.     Explain in detail how THERMCOR mistakenly failed to complete the formal
        SDVOSB designation process as stated in paragraph 6 of your answer in this
        lawsuit.


RESPONSE: No first hand knowledge.

FIRST SUPPLEMENT: I have no first hand knowledge but recall Walter Dixon has been

to the Veterans Hospital several times trying to get his hearing corrected and believe that he was

under the impression that he could self-certify.

20. Explain in detail how contract Solicitation No. N3220513R3000 was not an SDVOSB sole-source contract, include:
   a. Provide an explanation of your statement in paragraph 19(a)-(d) of his answer to this lawsuit that the SDVOSB sole-source designation of this contract was a "clerical error."
   b. Explain how THERMCOR was eligible for award of this contract.
   c. Identify the contracting officer for this contract.


RESPONSE: See response to Interrogatory No. 16.

FIRST SUPPLEMENT: Since Solicitation Number N3220513R3000 was just discovered

this question will be supplemented.

21. Identify all documents you used and/or relied on to relating to THERMCOR's 8(a) and SDVOSB compliance from January 1, 2005 to present.

RESPONSE: As to 8(a), Thermcor became an 8(a) corporation in October 2007 and there were no 8(a) contracts prior to that date.  The 8(a) documents, include but are not limited to: SBA letter of acceptance in to the 8(a) program, recertification documents, BDMIS website documents, tax returns, annual financials submitted to SBA.  Furthermore, pursuant to Rule 33(d) see documents produced in response to Request to Produce Nos. 3 and 4.  As to SDVOSB, see response to Interrogatory No. 14.

FIRST SUPPLEMENT: The aforementioned reference, pursuant to Rule 33(d), to Request to Produce Nos. 3, 4, specifically references Thermcor, a party in this case, my employer and the entity at issue in this question.

22.     Identify all statements you used and/or relied on to relating to THERMCOR's
        8(a) and SDVOSB compliance from January 1, 2005 to present.
        a.   Identify the person who made the statement.
        b.   Identify when the statement was made.


RESPONSE: See response to Interrogatory No. 21.

23.     Explain how THERMCOR is an eligible 8(a) and SDVOSB concern.

RESPONSE: See response to Interrogatory No. 21.

24.     Explain in detail why THERMCOR withdrew from Solicitation No. HSCG80-11-
        Q-P45MY7.


RESPONSE: See response to Interrogatory No. 16.

25.     State each of your defenses in this lawsuit and explain in detail the factual basis in support of each defense.

RESPONSE: See Answer to First Amended Complaint and Additional Defenses.  See also, documents produced in response to Request to Produce No. 2.

FRIST SUPPLEMENT: The aforementioned Rule 33(d) reference to Request to Produce No. 2 specifically refers to my business records as well as Thermcor's, a party in this case and my employer.  See response to Thermcor Interrogatory No. 7.

26.     Identify any statements made by a party in this action relating to THERMCOR's
        8(a) and SDVOSB eligibility.


RESPONSE: See Objections to this Interrogatory.

27.     Identify and explain the full extent of your knowledge of any THERMCOR's 8(a)
        and/or SDVOSB representations made to the government, include:
        d.      How the representation was made
        e.      Who made the representations
        f.      Who authorized, ratified, and/or approved the representations
        g.      Why the representation was made


RESPONSE: See Objections to this Interrogatory.

28.     Identify the person who came up with the idea to form THERMCOR and TLMG.

RESPONSE: See Objections to this Interrogatory.

29.     Explain in detail why on November 18, 2014 THERMCOR no longer represented
        itself as an SDVOSB concern to the government.
        a.   Who made the decision
        b.   Why was this decision made


RESPONSE: See Objections to this Interrogatory.

30.    At any time did you ever inform a THERMCOR employee or officer, not to bid on an 8(a) and/or SDVOSB contract because of possible bid eligibility issues and/or concern you had.

    a. State the date, contract, who you spoke to, and what you stated.

RESPONSE: See Objections to this Interrogatory.

# VERIFICATION


_____

William Bolean

State of _____:

City/County of _____, To-Wit:


I, the undersigned, a Notary Public in and for the City/County and Sate aforesaid, do hereby certify that William Bolean and whose name is signed to the foregoing has acknowledged, subscribed and sworn to the same before me in the City/County and State aforesaid.


Given under my hand this \_\_\_\_\_ day of _____ 2015.


_____

NOTARY PUBLIC

My Commission expires: _____.

My Registration No., if any: _____.

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the foregoing was served by via email and/or the CM/ECF System on May 1, 2015, on all counsel of record or parties on the Service List below.

<u>**SERVICE LIST**</u>

Erik Anderson Cox, Esq.
Baker & McKenzie
815 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20006-4078
Telephone: (202) 452-7000
Email: erikcoxllc@gmail.com

Derrick Storms, Esq.*
Storms and Associates, P.A.
143 13th Street, Suite 4F
Brooklyn, New York  11215
Telephone: 917-635-9675
Email: storms001@hotmail.com
*Admitted Pro Hac Vice*
Attorneys for Relator

Clare P. Wuerker, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6361
Email: clare.wuerker@usdoj.gov

Susan Lynn Watt, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6331
Email: susan.watt@usdoj.gov
Attorneys for United States

                      /s/ Graham T. Jennings, Esq.
                      Graham T. Jennings, Jr. (VSB#18542)

Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

/s/ Barry C. Hodge, Esq.
Barry C. Hodge (VSB#34886)
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net
Attorneys for Defendants