# UNITED STATES DISTRICT COURT
### for the
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

A1 PROCUREMENT, LLC,

     RELATOR,

v.

THERMCOR, INC.;
WALTER L. DIXON;
RONALD L. DIXON;
WILLIAM M. BOLEAN;
TIMOTHY BOLEAN;
DALE BARNES;
TLMG, LLC; and
JOHN DOES 1-10,

     DEFENDANTS.

Civil Action No. 15-cv-00015
(Smith, J.)(Leonard, M.J.)

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR JOINT MOTION TO REVOKE THE *PRO HAC VICE* ADMISSION OF DERRICK STORMS OR, IN THE ALTERNATIVE, FOR STORMS' DISQUALIFICATION; AND FOR OTHER RELIEF

Graham T. Jennings, Jr., Esq.
Virginia State Bar #18542
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

Barry C. Hodge, Esq.
Virginia State Bar #34886
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net

Attorneys for Defendants

# TABLE OF CONTENTS

**Page(s)**

**TABLE OF AUTHORITIES** ........................................................................................... i

**STATEMENT OF FACTS—DUTY TO FILE MOTION** .......................................................1

**ARGUMENT** ...............................................................................................................3

**I.     THE FOURTH CIRCUIT HAS ALREADY DECLARED THE TYPE OF MISCONDUCT COMMITTED BY MR. STORMS TO BE FRAUD**.........................3

**II.    MR. STORMS' MEET-AND-CONFER ARGUMENT CANNOT EXCUSE HIS FAILURE TO DISCLOSE HIS REPRIMANDS.** ...........................................5

      **A.     Mr. Storms' Claimed Meaning of "Reprimand" is Incorrect.** .........................7

      **B.     Mr. Storms' Due Process Argument is Irrelevant.** ............................................11

**III.   VARIOUS FORMS OF RELIEF MAY BE APPROPRIATE.** ....................................14

**PRAYER FOR RELIEF**...............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*A1 Procurement, LLC v. Hendry Corp.*, 2012 WL 6214546
(S.D. Fla. Dec. 13, 2012) ...............................................................................4-5, 10-11, 14

*Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011).........................................................................12

*Chambers v. Heidelberg, USA, Inc.*, 2007 WL 1544255 (D.N.J. May 25, 2007) ........................15

*Comuso v. Nat'l R.R. Passenger Corp.*, 2000 WL 502707 (E.D. Pa. 2000) ................................11

*Ford Motor Co. v. Young*, 745 S.E.2d 299, 304 (Ga. App. 2013) ................................................12

*Gunderson v. D.R. Horton, Inc.*, 130 Nev. Adv. Op. 9, 319 P.3d 606, 611-12 (2014) ..................8

*In the Matter of John Ruffalo, Jr.*, 390 U.S. 544 (1968)............................................................5, 7

*In re Total Realty Mgmt., LLC*, 706 F.3d 245 (4th Cir. 2013).......................................................6

*In re Williams*, 156 F.3d 86 (1st Cir. 1998) ...................................................................................8

*Kohlmayer v. Nat'l R.R. Passenger Corp.*, 124 F. Supp. 2d 877 (D.N.J. 2000)......................9-11

*Leis v. Flynt,* 439 U.S. 438 (1979) (per curiam) .................................................................... 12-13

*Motor Cars of Nashville, Inc. v. Chronister*, 439 S.W.3d 101 (Ark. App. 2014)...........................6

*Perry v. Sindermann,* 408 U.S. 593 (1972)...................................................................................12

*Reiter v. Sonotone Corp.,* 442 U.S. 330 (1979) ..............................................................................6

*Richardson v. Boddie-Noell Enterprises, Inc.*, 78 F. App'x 883 (4th Cir. 2003) ...................... 8-9

*Ryan v. Astra Tech, Inc.*, 772 F.3d 50, 62 (1st Cir. 2014) ..................................................... 14-15

*Storms v. Department of Veterans Affairs*, No 13-cv-0811 (E.D.N.Y.)
(Mar. 29, 2013 Protective Order)....................................................................3-5, 10-13

*United States v. Blair*, 661 F.3d 755 (4th Cir. 2011) ........................................................... 3, 6-7

**<u>Rules</u>**

Local Civil Rule 7 of the United States District Court for the Eastern
District of Virginia ................................................................................................... 10, 13

Local Civil Rule 83.1(D)(2) of the United States District Court for the Eastern
District of Virginia ........................................................................................................ 14

Local Civil Rule 83.1(L) of the United States District Court for the Eastern
District of Virginia ........................................................................................................ 14

Rule IV of the Federal Rules of Disciplinary Enforcement ................................................ 1

Rule V.A. of the Federal Rules of Disciplinary Enforcement .......................................... 1-2, 14-15

Rule 3.3(d) of the Virginia Rules of Professional Conduct ............................................... 2

Rule 8.3 of the Virginia Rules of Professional Conduct .................................................... 1

**<u>Other Authorities</u>**

ABA Model Rule 18 ............................................................................................................ 5, 7

*Black's Law Dictionary* ..................................................................................................... 5, 7-8

Comment 1 to Rule 8.3 of the Virginia Rules of Professional Conduct .......................... 1

## STATEMENT OF FACTS—DUTY TO FILE MOTION

In researching various matters during the discovery phase of the instant litigation,

undersigned Counsel for Defendants have concluded that one of the Counsel for Plaintiff A1

Procurement, LLC, Mr. Derrick Storms, has committed a fraud upon this Court.  Counsel for

Defendants brought this matter to Mr. Storms' attention by a letter dated May 26, 2015.  *See*

Exhibit A.  This matter was also addressed during the meet-and-confer conducted on June 5,

2015.  *See* Exhibit B (Declaration of Barry C. Hodge).  However, as of this writing, Mr. Storms

has not revealed this fraud to the Court.  Because this Court's local Rule IV of the Federal Rules

of Disciplinary Enforcement ("FRDE") incorporates the Virginia Rules of Professional Conduct

("VRPC"), undersigned Counsel are obligated to bring this matter to this Court's attention.

VRPC Rule 8.3, Reporting Misconduct, states in pertinent part:

> (a) A lawyer having reliable information that another lawyer has committed a violation
> of the Rules of Professional Conduct that raises a substantial question as to that
> lawyer's honesty, trustworthiness or fitness to practice law shall inform the
> appropriate professional authority.

As Virginia-licensed counsel, the undersigned would normally follow Comment 3 to

Rule 8.3:

> A report should be made to the bar disciplinary agency unless some other agency, such as
> a peer review agency, is more appropriate in the circumstances.

Although this Court is not an "agency," the purpose of Rule 8.3 is to allow disciplinary

investigations to be conducted, as Comment 1 to the Rule explains:

> Self-regulation of the legal profession requires that members of the profession initiate
> disciplinary investigation when they know of a violation of the Rules of Professional
> Conduct.  . . . .  An apparently isolated violation may indicate a pattern of misconduct
> that only a disciplinary investigation can uncover.

Thus, it is apparent that this Court's incorporation of the VRPC into its local version of

the FRDE must be read in light of the remainder of the FRDE.  Relevant here is FRDE V.A.:

When misconduct or allegations of misconduct which, as substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.

Combining the above provisions of this Court's local version of the FRDE and the VRPC, the undersigned believe that their duty to report is to be fulfilled to this Court, rather than to a Virginia agency or to an agency of other states where Mr. Storms is admitted.  The undersigned believe that this view is supported by the fact that the appropriate sanction—and the one Thermcor requests as its primary relief—is the revocation of Mr. Storms' *pro hac vice* admission.  The purpose of this Brief is to assist the Court in determining that Mr. Storms' behavior warrants referral for investigation.  This Brief will also demonstrate that, under the particular circumstances presented here, this Court may be able to dispense with an investigation and directly grant the instant Motion after briefing and a hearing.

First, however, undersigned Counsel also point out that VRPC 8.4 (c) is also relevant: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law.  VRPC 3.3(d) also requires "[a] lawyer who receives information clearly establishing that a person other than a client has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal."  As explained next, the conduct that has come to Defendants' (collectively, "Thermcor's")[1] attention has already been held by the Fourth Circuit to constitute fraud upon the court.

---

[1] From this point forward, for convenience, this Brief will refer to "Thermcor" rather than to "the undersigned Counsel."  However, all references to Thermcor continue to reflect Counsel's reporting obligations.

**ARGUMENT**

**I.    THE FOURTH CIRCUIT HAS ALREADY DECLARED THE TYPE OF MISCONDUCT COMMITTED BY MR. STORMS TO BE FRAUD.**

On January 21, 2015, Mr. Storms' filed his *pro hac vice* Application.  (EDF docket no. 63.).  There, he certified that he is admitted to the United States District Courts for the Eastern District of New York, the Southern District of New York, and the Southern District of Florida.  *Id*.  He also certified that he has "not been reprimanded in any court nor has there been any action in any court pertaining to [his] conduct or fitness as a member of the bar."  *Id*.  In reality, Mr. Storms has been reprimanded by two of those courts.  The Fourth Circuit has already declared that failure to disclose reprimands on *pro hac vice* applications constitutes fraud.  *United States v. Blair*, 661 F.3d 755, 763, 772, n.3 (4th Cir. 2011) ("Blair represented to the district court that he had never been reprimanded by any court . . . ."; "Blair's fraudulent statement to the district court . . . ."; "Blair obtained a *pro hac vice* admission only on the basis of his fraudulent application to practice in that jurisdiction.")

This fraud is especially serious for a reason relating to the form of the Application.  The top portion of this Court's Application constitutes the attorney's certifications.  However, the bottom portion constitutes this Court's Order.  Thus, in granting Mr. Storms' admission, this Court relied directly on Mr. Storms' undisclosed fraud.

The two reprimands that Mr. Storms fraudulently failed to disclose are as follows:

First, in *Storms v. Department of Veterans Affairs*, No 13-cv-0811, the Unites States District Court for the Eastern District of New York issued a Protective Order against Mr. Storms based upon a motion by the United States Department of Justice and briefing by both sides.  That Order stated in pertinent part that

> Plaintiff's counsel [Mr. Storms] is prohibited from making threatening or abusive
> statements to any employees of the Department of Veteran Affairs (the 'VA').  Plaintiff's
> counsel is directed that any written or oral communications with the VA concerning this
> action must be directed at defense counsel.

(As far as Thermcor is aware, this Protective Order is available only in the ecf docket sheet for

the above cited case.  The docket entry has no number and no hyperlinked document, but the

text-only Order can be found under the date of March 29, 2013.)

Second, in *A1 Procurement, LLC v. Hendry Corp*., 2012 WL 6214546, at *3 (S.D. Fla.

Dec. 13, 2012) (internal quotation marks and citation omitted), the court reprimanded Mr.

Storms for failure to follow rules, the court's orders, and for "a clear pattern of delay or willful

contempt (contumacious conduct.)"  Some of what the *Hendry* court wrote may best be

characterized as simply stating the consequences of "bad lawyering," however much of what it

wrote rises to the level of a reprimand:[2]

- Furthermore, under Local Rule of the United States District Court for the Southern District of Florida 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. . . . Relator's Response **fails to comply** with Local Rule 7.1(c) as it does not address Defendants' arguments regarding improper joinder.

- The Eleventh Circuit has instructed:
  > Because a dismissal, with prejudice, for failure to comply with local rules is a drastic sanction, it may be used only as a last resort, when (1) a party engages in a clear **pattern of delay or willful contempt (contumacious conduct)**; and (2) the district court specifically finds that lesser **sanctions** would not suffice.

  The Court has repeatedly reminded Relator that it must *comply with the Local Rules* and the Court's Orders. In fact, the Court recently denied Relator's "Motion for Leave to Amend the Qui Tam Complaint, Join Additional Defendants and for Substitute Service of Process" for **failure to certify** that it had conferred or made reasonable efforts to confer with Defendants as required by Local Rule. That motion dealt with the very issue presently being addressed, yet, instead of re-filing a timely motion for leave to join the

---

[2] All bullet points are quotations from *Hendry* at *3-*4 (citations omitted; emphasis (both italics and bold) added).

New Defendants in compliance with the Local Rules and the Scheduling Order or addressing the issue in the Response, Relator has **contumaciously sat idle and silent**.

- [T]the Court previously dismissed certain of the New Defendants due to Relator's *failure to serve* such defendants as **twice ordered** by the Court.

- Relator has not yet, as far as the Court can tell, served the Second Amended Complaint on any of the New Defendants.

- [T]he Court dismissed the Initial Complaint because Relator *failed to respond* to the initial motion to dismiss, in apparent **disregard of Local Rule 7.1(c)**—the very Local Rule with which Relator has **again failed to comply** by not responding to Defendants' arguments regarding improper joinder.

- As a result of Relator's continued failures to comply the Local Rules and the Court's Orders—despite several reminders—the Court finds dismissal of the New Defendants is appropriate . . . .The Court, however, will not rely on this purported misjoinder of the New Defendants as a reason to dismiss the entire Second Amended Complaint.. Instead, only the New Defendants are dismissed, as this lesser **sanction** is the only **sanction** that will suffice.

## II.  MR. STORMS' MEET-AND-CONFER ARGUMENT CANNOT EXCUSE HIS FAILURE TO DISCLOSE HIS REPRIMANDS.

In the meet-and-confer conducted prior to the filing of this motion, Mr. Storms did not deny the existence of the Protective Order or of the language from the *Hendry* case.  *See*, Exhibit B ("Hodge Declaration").  Rather, Mr. Storms argued that *Black's Law Dictionary*, ABA Model Rule 18, and *In the Matter of John Ruffalo, Jr.*, 390 U.S. 544 (1968), indicated that his Application only required him to certify that he had not been the subject of an investigation that involved proceedings that embraced traditional Due Process protections.  *Id.*

After being informed by the May 26, 2015, letter and the meet-and-confer, Mr. Storms should have informed this Court of the *Department of Veterans Affairs* Protective Order and the *Hendry* reprimands.  However, he has refused to do so and thus continues to perpetrate his fraud upon this Court.

5

The argument Mr. Storms made during the meet-and-confer is flawed for two reasons. First, the argument relies upon a distinction not embraced by Fourth Circuit precedent, while ignoring the distinction that that precedent actually articulated; and second, even if this were not the case, none of the sources cited support Mr. Storms' assertion.

In *United States v. Blair*, the same case in which the Fourth Circuit declared that failure to reveal reprimands on a *pro hac vice* application constitutes fraud, it also clarified that "reprimands" are not the type of proceedings that Mr. Storms claims they are.  The Fourth Circuit interpreted the language from the Application to be addressing two different types of matters about which attorneys must make certification.  *Id*.  The second half of the certification deals with traditional "disciplinary action by any bar association."  *Id*.  But the Fourth Circuit distinguished this from the first half of the certification, which covers generally "reprimand[s] by any court."  *Id*.

While the Fourth Circuit did not defend its reading of the Application language, its reading is correct under standard canons of construction.  "'Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise . . . .'"  *In re Total Realty Mgmt., LLC*, 706 F.3d 245, 252 (4th Cir. 2013) (quoting *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979)).[3]

Thus, as the Fourth Circuit's opinion emphasizes, a "reprimand[ ] in any court" is something different from an "action in any court pertaining to [his] conduct or fitness as a member of the bar," *i.e.*, a "reprimand[ ] in any court" is something different from traditional

---

[3] Court rules are subject to the same canons of construction as are statutes, and presumably so are court-drafted applications.  *See, e.g.*, *Motor Cars of Nashville, Inc. v. Chronister*, 439 S.W.3d 101, 103 (Ark. App. 2014) ("Moreover, we construe court rules using the same means and canons of construction used to interpret statutes.").  In any event, this canon comports with common sense.

"disciplinary action by any bar association." *Blair*, 661 F.3d at 763 (4th Cir. 2011). Therefore, the distinction the Fourth Circuit makes is not between 1) Due Process proceedings, which are subject to the certification, and 2) non-Due Process proceedings, which are not subject to the proceeding. Rather, the distinction the Fourth Circuit makes is between 1) reprimands by courts, and 2) bar proceedings. Both are subject to the certification.

In light of this difference, Mr. Storms' argument during the required meet-and-confer is to no avail. An argument that would carry weight would be one that demonstrates that this Court's *pro hac vice* application uses "reprimand" only in the sense of Due Process proceedings. But his argument—while perhaps an attempt at making this point—proves things altogether different.

As noted, during the meet-and-confer, Mr. Storms argued that *Black's Law Dictionary*, ABA Model Rule 18, and *In the Matter of John Ruffalo, Jr.*, 390 U.S. 544 (1968), indicate that his Application only required him to certify that he had not been the subject of an investigation that involved proceedings that embraced traditional Due Process protections. But what these authorities actually prove is only 1) that "reprimand" can *sometimes* mean a proceeding embracing Due Process protections and 2) that an attorney is entitled to Due Process protections when subject to the deprivation of a property right. *Black's Law Dictionary* and ABA Model Rule 18 (implicitly) support the former proposition, and ABA Model Rule 18 and *In the Matter of John Ruffalo, Jr.* (both implicitly) support the latter proposition. The problem with these two points is that they both prove too little.

### A.     Mr. Storms' Claimed Meaning of "Reprimand" is Incorrect.

With regard to the meaning of "reprimand," A1 simply ignores the concept of "polysemy," *i.e.*, the reality that a given word can have multiple meanings. The several relevant

meanings of the word "reprimand" are easily demonstrated by the hundreds of opinions courts have issued in which they address attorneys being "reprimanded" in the non-Due Process sense,[4] often citing dictionaries.  One recent example illustrates:

> When an attorney commits misconduct, and an opposing party objects, the district court should sustain the objection and admonish the jury and counsel, respectively, by advising the jury about the impropriety of counsel's conduct and *reprimanding* or cautioning counsel against such misconduct. [*S*]*ee also Black's Law Dictionary* 55 (9th ed. 2009) (defining "admonition" as "[a]ny authoritative advice or caution from the court to the jury regarding their duty as jurors or the admissibility of evidence for consideration," or "[a] *reprimand* or cautionary statement addressed to counsel by a judge").

*Gunderson v. D.R. Horton, Inc.*, 130 Nev. Adv. Op. 9, 319 P.3d 606, 611-12 (2014), *reh'g denied* (Apr. 23, 2014) (some citations omitted, first alteration added, emphasis added).

Both this Court and the Fourth Circuit routinely address such reprimands.  While unpublished, *Richardson v. Boddie-Noell Enterprises, Inc.*, 78 F. App'x 883, 886, 886-89 (4th Cir. 2003) provides a good example of just how frequently reprimands are used in non-Due Process contexts.  It also demonstrates why courts—including this Court—might very well want to know about such reprimands prior to deciding *pro hac vice* motions:

> Richardson's counsel made several procedural errors during the trial, made inappropriate comments and gestures in the presence of the jury, and attempted to elicit

---

[4] The fact that cases exist in which courts must determine when criticism rises to the level of a "formal reprimand" that is appealable as opposed to when criticism does not rise to that level does not undercut the distinction Thermcor makes here.  In fact, it reinforces it.  See, *e.g.*, the dueling majority and dissenting opinions in *In re Williams*, 156 F.3d 86 (1st Cir. 1998).  The majority distinguishes between "formal reprimands" and harsh criticism by judges, and concludes that the former are appealable while the latter are not; while the dissent argues that even harsh criticisms—at least under the circumstances of its case—ought to be appealable, because they are in some sense "reprimands."  Both opinions also survey approaches by other courts under a variety of fact patterns. *Cf.* 156 F.3d at 89-93 (majority opinion) with *id.* at 93-101.  In contrast to the dissent's view that such criticism/reprimands ought to be appealable, the majority thought such non-formal reprimands ought to be subject to *mandamus* actions instead of being subject to appeals. *Id.* at 92-93.  It is clear from the preceding and from the fact that hundreds of federal district courts and federal courts of appeals treat such opinion-based judicial criticisms as reprimands, that such reprimands are among the types that Mr. Storms should have reported.

inadmissible testimony from multiple witnesses.  The district court repeatedly *reprimanded* Richardson's trial counsel for his inappropriate behavior and instructed the jury to disregard counsel's inappropriate questions and comments.  At one point, Boddie–Noell moved for dismissal because of Richardson's counsel's misconduct.  The district court apparently took the motion under advisement, without ruling on it, and the trial continued.

. . . .

Richardson's trial counsel admitted that he did not "know the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, as well as [he] should."  We agree with the district court that counsel's errors were "frustrating," to say the least.  Despite the bungling, Richardson's trial counsel's misconduct was not so egregious as to warrant the severe sanction of dismissal.  The district court *reprimanded* Richardson's counsel after each misstep, and when necessary, instructed the jury to disregard his inappropriate questions and comments.  The district court concluded that, by taking these actions, it had "adequately dealt with counsel's behavior," and we agree.  District Judge Moon did an extraordinary job of dealing with a difficult attorney, and, rather than demonstrating an abuse of discretion, his rulings and admonitions demonstrate an admirable balance of sternness and patience.  We hold that the district court did not abuse his discretion by using sanctions less drastic than dismissal to remedy Richardson's trial counsel's misconduct.[5]

Just as *Richardson* illustrates *hypothetically* how knowledge of reprimands would be useful to a court deciding a *pro hac vice* motion, a case from the District of New Jersey directly illustrates this scenario *actually* playing out.  *Kohlmayer v. Nat'l R.R. Passenger Corp.*, 124 F. Supp. 2d 877 (D.N.J. 2000), did not involve the revocation of an attorney's *pro hac vice* admission—it involved the denial of such admission—but its principles are applicable to the revocation context.  In *Kohlmayer*, the district court upheld the magistrate judge's recommendation to deny admission.  Significantly, while disciplinary proceedings where then pending against the attorney, the court looked at his past behavior, which did not involve any other Due Process disciplinary proceedings:  "[H]is past behavior . . . [had] resulted in reprimands, mistrials, and wasted judicial time."  *Id.* at 878.  The point relevant here is that none of the cases cited by the *Kohlmayer* court involved reprimands that resulted from Due Process

---

[5] The internal quotation marks in this quotation are from the case's joint appendix, although the citations have been removed.  All other citations have been removed as well.

proceedings. *See id*. at 880-82. Rather, they involved reprimands of exactly the sort that Mr.

Storms failed to certify[6]: "the improper conduct of plaintiff's counsel has been the subject of

judicial criticism." *Id*. at 881 (internal quotation marks and citation omitted).[7] Significantly,

some of the reprimands received by the *Kohlmayer* attorney were for exact or similar behaviors

for which Mr. Storms has been reprimanded. Just as the attorney in *Kohlmayer* failed to follow

rules, ignored courts' repeated instructions, and issued threats, so here Mr. Storms has

"repeatedly" failed to "comply with the Local Rules and the Court's Orders," *A1 Procurement,*

*LLC v. Hendry Corp*. at *3; and made "threatening or abusive statements," *Storms v. Department*

*of Veterans Affairs*, No 13-cv-0811 (Mar. 29, 2013, Order).

Mr. Storms' protest that he had no obligation to report such reprimands seems ironic

given his continued rule breaking in the instant litigation. For example, in *Hendry*, Mr. Storms

was reprimanded for his failure to fulfill his meet-and-confer obligations:

> [T]he Court recently denied Relator's "Motion for Leave to Amend the Qui Tam
> Complaint, Join Additional Defendants and for Substitute Service of Process" for failure
> to certify that it had conferred or made reasonable efforts to confer with Defendants as
> required by Local Rule 7.1(a)(3). That motion dealt with the very issue presently being
> addressed, yet, instead of re-filing a timely motion for leave to join the New Defendants
> in compliance with the Local Rules and the Scheduling Order or addressing the issue in
> the Response, Relator has contumaciously sat idle and silent.

*Hendry,* at *3.

---

[6] Strictly speaking, Mr. Storms' obligation was to certify—were he able—that he had been the
subject of no reprimands, which technically is different from disclosing or certifying specific
reprimands he had received. But here and hereinafter, for ease of locution, this Brief will, at
times, speak of Mr. Storms' obligation to certify that he had been reprimanded by the two courts
noted.

[7] The cases summarized in *Kohlmayer* involved some conduct not committed by Mr. Storms,
*e.g.*, threatening to kill opposing counsel (apparently not seriously) and shoving opposing
counsel. *See id.* at 881; *see generally id*. at 880-82 & cases cited there. However, the argument
cannot be made that only those "judicial criticism" of extreme behavior count as "reprimands."
Rather, when a court criticizes, it *has* reprimanded. It is for the court that is ruling on the *pro*
*hac vice* motion to decide what weight to give each reprimand.

And Mr. Storms has failed in this same obligation in the instant litigation.  Relator's two

Motions to Compel were initially set for hearing without a meet-and-confer conference as

required by this Court's Local Civil Rule 7(E).  *See* Hodge Declaration & Exhibits C and D.

Even after being notified twice in writing by Thermcor of this Local Rule requirement Mr.

Storms, in the words of the *Hendry* court, "contumaciously sat idle and silent," *Hendry,* at *3,

*See* Hodge Declaration & Exhibits C and D.

Two other similarities exist between *Kohlmayer* and the instant case.  First, in one of the

cases cited by *Kohlmayer*, the attorney was referred for *future* Due Process proceedings.  124 F.

Supp. 2d at 882.  Similarly here, Mr. Storms will be protected going forward by the Due Process

protections provided for in this Court's local FRDE V or by lesser, but acceptable, Due Process

protections (see discussion below).  Second, in one of the cases cited by *Kohlmayer*, the attorney

at least had the opportunity to brief issues related to the court's criticism/reprimand because the

issues arose in his opponent's motion.  *Comuso v. Nat'l R.R. Passenger Corp.,* 2000 WL 502707,

at*1 (E.D. Pa. 2000).  Similarly here, Mr. Storms briefed the issues related to the Protective

Order issued against him because the issue arose in his opponent's motion.  *See Storms v.

Department of Veterans Affairs*, No 13-cv-0811 (Docket entries of March 26, 2013 & March 28,

2013; and documents linked there.

> **B.**     **Mr. Storms' Due Process Argument is Irrelevant.**

The last point above, serves as a segue to two problems with Mr. Storms' meet-and-

confer argument.  It is true as Mr. Storms argued at the meet-and-confer, *see* Hodge Declaration,

that his property interest in his law license is subject to Due Process protections.  But as already

demonstrated above, "reprimands" can mean something other than Due Process proceedings.

And there is a second reason why Mr. Storms' Due Process argument is irrelevant.  If Mr.

Storms had a property interest in being admitted *pro hac vice*, the argument could then be made

that it is improper to hold non-Due Process reprimands against him in evaluating his application.

But he has no property interest in potential *pro hac vice* admission and, thus, that potential

admission is not subject to Due Process protections.   This is so because admission *pro hac vice* is

a privilege and is subject to this Court's discretion.   On the other hand, after having gained *pro*

*hac vice* admission, the revocation of such admission is subject to Due Process protection.   As

one court recently explained:

> The court reasoned that admission of an attorney *pro hac vice* constitutes a mutually
> explicit understanding sufficient to implicate a Fourteenth Amendment property interest
> in the admission.  *See also Perry v. Sindermann,* 408 U.S. 593, 601 (1972) ("A person's
> interest in a benefit is a 'property' interest for due process purposes if there are such rules
> or mutually explicit understandings that support his claim of entitlement to the benefit
> and that he may invoke at a hearing.").   Accordingly, the Eleventh Circuit reasoned that
> an attorney, once admitted *pro hac vice,* is entitled to the basic procedural rights of notice
> and a hearing before the admission can be revoked.   Compare *Leis v. Flynt,* 439 U.S. 438,
> (1979) (holding that an attorney is not entitled to due process in applying for *pro hac vice*
> admission because the "right of an out-of-state lawyer to appear *pro hac vice* in [a state]
> court does not fall among those interests protected by the Due Process Clause of the
> Fourteenth Amendment").

*Ford Motor Co. v. Young*, 745 S.E.2d 299, 304 (Ga. App. 2013) (some citations, parentheticals

and parallel citations omitted; alteration in the original).

With this background, one can see a second problem with Storms' argument: He actually

received Due Process protection at least in the New York case, and thus, under his stated

standard, was obligated to certify that reprimand.   As the Fourth Circuit recently explained,

while Due Process protection is required, the quantum of that protection can be quite minimal.

As in the instant Motion, but unlike in the *Department of Veterans Affairs* Protective Order, the

issue in the germane Fourth Circuit case was the revocation of an attorney's *pro hac vice*

admission.  *Blue v. Leventhal*, 640 F.3d 567, 577-78 (4th Cir. 2011).   There, explaining

principles that apply both to the instant Motion and the *Department of Veterans Affairs*

*Protective Order,* the Fourth Circuit opined as follows:

> Thus, while it may be true [and in light of the broader context of this quotation, read "is true"] that no attorney has a due process right to *pro hac vice* status, *see Leis v. Flynt,* 439 U.S. 438 (1979) (per curiam), once such status is granted, attorneys must receive some modicum of due process before it is revoked. . . . .
>
> Of course, the amount of process required is hardly onerous.  While courts are generally in agreement that *pro hac vice* attorneys must receive notice of the specific grounds for revocation and a meaningful opportunity to respond, none have been willing to extend due process protections beyond those baselines.  Indeed, the specific contours of such process are often left to the district court's discretion.  For example, courts have left "the form of the notice to the discretion of the district court" so long as the attorney receives notice of "the conduct of the attorney that is the subject of the inquiry, and the specific reason this conduct may justify revocation."  With respect to the opportunity to respond, it is likewise preferable to accord the district court wide discretion in tailoring the appropriate level of process.  *See id.*  ("All that we will mandate is that the attorney be given a meaningful opportunity to respond to identified charges.
>
> Of course in certain cases a full hearing might be desirable, but we leave that to the discretion of the district court.").[8]

As relevant here and to summarize, in the New York case at least, Mr. Storms received

the minimum modicum of Due Process protection via the opportunity to brief the issue; and per

his own argument, he would have been required to certify that he had been reprimanded in that

case.

Furthermore, this standard at least—and perhaps more than "at least"—puts at issue

whether Mr. Storms is entitled to any further Due Process or whether this Motion plus any

Response and/or Reply plus a hearing constitute all the Due Process required *going forward*.

Federal Rule of Civil Procedure 7 and this Court's Local Civil Rule 7 contain built in Due

Process protections.

---

[8] The fact that the Fourth Circuit held that, *under the facts of its case*, Due Process had not been satisfied does not undercut the court's principles nor their application here.

### III.    VARIOUS FORMS OF RELIEF MAY BE APPROPRIATE.

Thermcor is, of course, aware of FRDE V.A., which it quoted at the outset of this Brief:

When misconduct or allegations of misconduct which, as substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.

However, because Mr. Storms' misconduct has been brought to this court's attention via the instant Brief and the Motion it supports, this Court could conclude that regular briefing and hearing practice should control here.  That is, A1 may file a response brief and Thermcor may file a reply brief; this Court could conduct a hearing; and then this Court may rule on the Motion without referral for investigation.  This possibility is premised on two points.  First, the reference to "procedure . . . otherwise mandated by these Rules" could be a reference to this Court's Local Rules and in turn to the Federal Rules of Civil Procedure, since the Disciplinary Rules are incorporated into this Court's Local Rules.  Local Rules 83.1(D)(2) & 83.1(L).  Second, as discussed above, such briefing and hearing provides Mr. Storms all the Due Process protection required.  However, Thermcor recognizes that this Court may believe that it is required to proceed under FRDE V.A.

In light of the above, Thermcor requests that, should this Court believe that it may proceed on the briefing and hearing alone, Mr. Storms' *pro hac vice* admission be revoked.  In the alternative, Thermcor requests that Mr. Storms be disqualified in this case.[9]  *See*, *e.g.*, *Ryan v.*

---

[9] From Thermcor's perspective, these two requests for relief may produce identical results—*i.e.*, Mr. Storms' removal from the case in response to his fraud upon this Court (and his pattern of rule breaking and "contumacious conduct," *Hendry* at *3.  Yet, the two requests could have very different consequences for Mr. Storms.  For example, one court that revoked an attorney's *pro hac vice* admission felt duty bound to report the revocation to all jurisdictions in which the

*Astra Tech, Inc.*, 772 F.3d 50, 62 (1st Cir. 2014) (roughly equating disqualification with revocation).  Should this Court believe that it may not proceed on the briefing and hearing alone, but must proceed under FRDE V.A.; Thermcor requests that this Court take under advisement its arguments concerning *pro hac vice* admission revocation or disqualification when it evaluates the investigating counsel's recommendation for appropriate sanctions.

Further, under either course of action, Thermcor requests that A1 be ordered to proceed without the services of Mr. Storms until the instant Motion and/or future investigation is resolved.  In the alternative, Thermcor requests that this Court stay all proceedings in the instant litigation until the instant Motion and/or future investigation is resolved.

## PRAYER FOR RELIEF

In light of Mr. Storms' two unreported reprimands that constitute fraud upon this Court, in light of the resultant problematic position in which that fraud placed this Court when it issued its Order granting *pro hac vice* admission, and in light of Mr. Storms' post-meet-and-confer refusal to alert this Court to the two reprimands, Thermcor respectfully requests this Court to grant it one or more of the forms of relief requested in the prior section of this Brief.

Respectfully Submitted,
this 1st day of July, 2015

/s/ Graham T. Jennings_____
Graham T. Jennings, Jr., Esq.
Virginia State Bar #18542
        Attorney for Defendants
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912; (804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

---

attorney was admitted.  *Chambers v. Heidelberg*, *USA, Inc.*, 2007 WL 1544255, at *3-4 (D.N.J. May 25, 2007).

/s/ Barry C. Hodge_____
Barry C. Hodge, Esq.
Virginia State Bar #34886
       Attorney for Defendants
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net

## CERTIFICATE OF SERVICE

We hereby certify that on the 1st day of July, 2015, we electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Erik Anderson Cox, Esq.
Erik Cox, LLC
1440 Church Street, N.W., Suite 202
Washington, D.C. 20005
Telephone: (202) 452-7000
Email: erikcoxllc@gmail.com

Derrick Storms, Esq.*
Storms and Associates, P.A.
143 13th Street, Suite 4F
Brooklyn, New York  11215
Telephone: 917-635-9675
Email: storms001@hotmail.com
*Admitted Pro Hac Vice*
Attorneys for Relator

Clare P. Wuerker, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6361
Email: clare.wuerker@usdoj.gov

Susan Lynn Watt, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6331
Email: susan.watt@usdoj.gov
Attorneys for United States

And we hereby certify that that there are no non-filing users:

/s/ Graham T. Jennings
Graham T. Jennings, Jr., Esq.
Virginia State Bar #18542

Attorney for Defendants
Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 598-6379 (Facsimile)
Email: powlaw@verizon.net

/s/ Barry C. Hodge
Barry C. Hodge, Esq.
Virginia State Bar #34886
Attorney for Defendants
Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net