IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

A1 PROCUREMENT, LLC,

    Relator,

    v.

THERMCOR, INC;
WALTER L. DIXON;
RONALD L. DIXON
WILLIAM M. BOLEAN;
TIMOTHY BOLEAN;
DALE BARNES;
TLMG, LLC;
JOHN DOES 1-10,

    Defendants.

Civil Action No. 15-cv-00015
(Smith, J.)(Leonard, M.J.)

**RELATOR'S RESPONSE TO THE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THEIR JOINT MOTION TO DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; AND FOR OTHER RELIEF**

**STORMS LAW, P.A.**
By: Derrick Storms, Esq.
690 5th Ave.
Brooklyn, NY 11215
Tel: (917) 635-9675

**ERIK COX, L.L.C.**
By: Erik Cox, Esq.
1440 Church St. N.W., Ste. 202
Washington, D.C. 20005
Tel: (202) 270-9113

*Attorneys for Relator*

# **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

    POINT I      THE FALSE CLAIMS ACT'S FILING AND SERVICE
                      REQUIREMENTS ARE PROCEDURAL, NOT JURISDICTIONAL ............. 1

                  A. Legal Standard Governing The FCA's Procedural Requirements ............ 1

    POINT II     THE FCA'S FILING AND SERVICE PROVISIONS WERE NOT
                    INCURABLY FRUSTRATED ................................................................................ 3

                  A. The United States Repeatedly Stated It Was Not Prejudiced By Any
                     Alleged Filing Or Service Defect .................................................................. 3

    POINT III    NO PUBLIC DISCLOSURES OCCURRED ......................................................... 4

                  A. Legal Standard For A Public Disclosure ....................................................... 4

                  B. The SDVOSB Protest Was Not A Public Disclosure ..................................... 4

CONCLUSION ......................................................................................................................... 7

ARGUMENT

POINT I

THE FALSE CLAIMS ACT'S FILING AND SERVICE
REQUIREMENTS ARE PROCEDURAL, NOT JURISDICTIONAL

A.  Legal Standard Governing The FCA's Procedural Requirements

The Fourth Circuit unequivocally held that the False Claims Act's ("FCA") filing and service requirements are procedural, not jurisdictional. *See Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 430 (4th Cir. 2015) ("[t]he procedural requirements of the [FCA], including its seal provision, are not jurisdictional, and violation of those requirements does not per se require dismissal."); *see also U.S. ex rel. Ubl v. IIF Data Solutions*, 2009 WL 1254704, at *4 (E.D.Va. May 5, 2009) (holding "that Section 3730(b)(2)'s filing and service requirements are not jurisdictional prerequisites.")  This legal standard was correctly identified and applied in Magistrate Judge Leonard's Report and Recommendation ("R&R"). *See* ECF 116 at 11-12 (R&R identifying *Smith's* holding that the FCA's filing and service requirements are procedural and cites collected cases holding same.)

The Defendants' suggestion that *Smith's* holding only applies to seal breach cases, and no other procedural matters, is erroneous. *See* ECF 122 at 2.  The *Smith* decision does not support the Defendants' argument that only matters concerning seal breaches are procedural and that other filing and service matters are jurisdictional.  The opposite is true. *Smith* expressly adopted the Second Circuit's rationale that all of the FCA's filing and service requirements are procedural, not jurisdictional. *See Smith* at 430.  ("Because we find its rationale to be persuasive, we join the Second Circuit...." as set forth in *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998 (2d Cir. 1995)).  Notably, *Pilon* dealt with both a seal breach violation and a failure to serve the complaint and disclosure statement on the government. *See Pilon* at 997 (plaintiff

1

"failed to serve the United States with a copy of the complaint and a written disclosure of the underlying evidence.")

In *Pilon*, the Second Circuit did not limit its holding to seal breaches, nor did the Fourth Circuit in *Smith*. Rather, *Smith* adopted the broad rational "that a violation that results in an incurable and egregious frustration of the statutory objectives underlying the filing and service requirements, merits dismissal with prejudice under the False Claims Act." *See Smith* at 430, citing *Pilon* at 998. The Defendants' contention that only seal breach matters are procedural, while other filing and service requirements are jurisdictional, is not supported by controlling authority. *Id*.[1]

Because all of the FCA's filing and service requirements are procedural, dismissal is only warranted when a failure "incurably frustrates" the purpose behind the procedural requirements. *Id*. For example, incurable frustration results when a filing or service error prevents the government from investigating the allegations of the complaint. *See Smith* at 430. That did not happen here.

In sum, the correct legal standard, as set forth by the Fourth Circuit in *Smith*, is that the FCA's filing and service requirements are procedural—not jurisdictional.

---

[1] Courts in this district have previously held that <u>all</u> of the FCA's filing and service requirements are procedural, otherwise dismissal would be mandatory for any violations. *See Ubl* at 3 ("If the filing and service requirements were jurisdictional prerequisites, the proper remedy for a relator's failure to comply with them—in all cases—would be dismissal of the complaint with prejudice.")

# POINT II

## THE FCA's FILING AND SERVICE PROVISIONS WERE NOT INCURABLY FRUSTRATED

### A. The United States Repeatedly Stated It Was Not Prejudiced By Any Alleged Filing Or Service Defect

The United States of America ("United States") has repeatedly stated that it was "properly served" in this action. *See* ECF 95 at 2 (U.S. Attorney Clare Wuerker stated that the United States was "properly served.") At the August 28, 2015 hearing, the United States repeated that it was properly served with both the original and amended complaint and no purpose of the FCA statute was incurably frustrated. *See Hr'g Tr. At 82; see also* ECF 116 at 19 ("Ms. Wuerker stated at the hearing that the Government conducted an appropriate investigation into both the Original Complaint's allegations and the Amended Complaint's allegations and that no purposes of the statute were incurably frustrated.") By its own account, the United States stated that it was not prejudiced by any alleged service or filing defect. *Id.*; ECF 95 at 2.

Despite the United States' repeated assertions that it was not prejudiced by any alleged service or filing defect, the Defendants maintain, without competent evidence, that the United States was prejudiced by purported service and filings defects. *See* 122 ECF at 5. The Defendants' conclusory argument that the United States was prejudiced should be rejected by the Court; and the Court should adopt the United States' statements that it was not prejudiced by any alleged service or filing defects.

In sum, the United States was not prejudiced by any alleged filing or service defect; therefore, the FCA's service and filing objectives were not incurably frustrated. Consequently, dismissal is not warranted.

## POINT III

## NO PUBLIC DISCLOSURES OCCURRED

### A. Legal Standard For A Public Disclosure

To qualify as a public disclosure under the FCA, evidence of a defendant's fraud must be publicly disclosed to the "public at large" or to the "public domain." *U.S. ex rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 777 F.3d 691, 696 (4th Cir. 2015). In construing the public disclosure bar, the Fourth Circuit recently held:

> The plain meaning of the phrase "public disclosure" suggests that they were not. "Disclosure" requires an affirmative act. *See Webster's Third New International Dictionary* 645 (1993) (defining "disclose" as "to open up to general knowledge," "to expose to view," and "to make known"). Such an act, in turn, requires a recipient—a person, group, or entity to whom the information is revealed. By specifying that a "disclosure" must be "public," Congress indicated that *only disclosures made to the public at large or to the public domain* had jurisdictional significance. *Neither the Audit Report nor the USDA Report was distributed to, or intended to be distributed to, the public*. Indeed, the authors of both reports attached to them *distribution lists*, limiting distribution to government entities. And nothing in the record suggests that either report made it further than its limited intended audience until Wilson filed suit.

*Wilson* at 696 (emphasis added).

### B. The SDVOSB Protest Was Not A Public Disclosure

The Defendants are incorrect in asserting that the Service-Disabled Veteran-Owned protest triggers the public disclosure bar for five reasons:

First, the SDVOSB protest against Thermcor was filed by Relator's joint venture, A1 Procurement JVS. Relator did not obtain information about the protest from the public domain; rather, Relator's President Adrian Battle discovered the Defendants' SDVOSB fraud[2], *see* ECF

---

[2] The Defendants' 8(a) Program fraud is distinguishable from the Defendants' SDVOSB fraud. They concern fraud of two separate government programs. The Defendants' 8(a) Program fraud

122 at 12, and Relator's joint venture reported it to the government in an SDVOSB protest. *See* **EXHIBIT 1** at 1. It is undisputed that Adrian Battle was the Relator's President at the time of the SDVOSB protest. In fact, the Defendants admit that Relator's President Adrian Battle discovered the Defendants' SDVOSB fraud. *See* ECF 122 at 12. This does not make Relator a parasitic claimant.

Second, upon receiving the SDVOSB protests, the Defendants withdrew from the SDVOSB contract to avoid further inquiry by the government; consequently, the Defendants' fraud was not disclosed to the public by the SDVOSB protest. *See* **EXHIBIT 1** at 1 ("Thermcor informed the Contacting Officer that Thermcor was withdrawing its offer," as a result the protest was dismissed pursuant to 13 C.F.R. § 125.24(b) because Thermcor was no longer an interested party to the contract.) Because the protest was terminated, the Defendants' SDVOSB fraud was not disclosed to the public.

Third, like the investigatory documents in *Wilson*, the SDVOSB protest was not affirmatively disclosed to the public at large or to the public domain. *See Wilson* at 696 (finding no public disclosure because the agency's investigatory documents were not disclosed to the public at large or to the public domain.) Also, like *Wilson*, the SDVOSB protest contained a cc'd "distribution list" that only disclosed the document to the specific individuals involved in the protest. *See* **EXHIBIT 1** at 1-2 (the letter was addressed to Mr. Storms and the cc'd list contained only persons involved). Because the SDVOSB protest was only disclosed to the individuals involved in the protest and, specifically, the protest decision was addressed to Mr. Storms, Relator's Chief Executive Officer ("CEO"), Relator did not obtain knowledge of the

---

constitutes the overwhelming majority of the Defendants' fraud in this action, and it was not at issue in the SDVOSB protest.

5

protest via the public domain or from the public at large. *Id.* at 1 (the protest decision is addressed to Mr. Storms, Relator's CEO.) Furthermore, a confidentiality notice is contained in the protest decision as well, which demonstrates that the document was not intended to be disclosed to the public at large. *Id.* at 3 (bottom of government's fax transmission contains a confidentially notice).

Because the SDVOSB protest against Thermcor was not publicly disclosed to the public at large, it does not qualify as a public disclosure under the FCA. *See Wilson* at 697 (holding "while both the Audit Report and the USDA Report were disclosed to government officials charged with policing the type of fraud Wilson alleges, nothing in the record suggests that either report actually reached the public domain. Thus, the public disclosure bar was not triggered on this basis."); *see also Wilson* at 696 (to be considered a public disclosure, an "affirmative act" is required, in other words, the agency must affirmatively choose to disclose the document to the public at large.)

Fourth, the SDVOSB protest did not disclose the Defendants' 8(a) Program fraud or other SDVOSB fraud that is the subject of this action. *See generally* **EXHIBIT 1** (The Defendants' 8(a) Program fraud or other SDVOSB fraud was not mentioned in the protest.)

Fifth, as noted, Relator's joint venture, A1 Procurement JVS, initiated the SDVOSB protest against Thermcor. The SDVOSB protest letter was mailed directly to Relator's address at 1541 Brickell Ave., Miami, FL and addressed to Relator's CEO. *Id.* at 1. Relator did not obtain the SDVOSB protest through the public domain or a public record requests. Rather, the protest was sent directly to the Relator's address and addressed to Relator's CEO—a scenario that falls outside the realm of the public disclosure bar. *See Wilson* at 699 ("Nothing indicates that she obtained a copy through a cumbersome Public Records Act request rather than by

6

simply asking for one. Far from defeating jurisdiction, then, Wilson's receipt of the Audit Report confirms that she is precisely the sort of whistleblowing insider the statute seeks to encourage.") (citation omitted).

Consequently, like *Wilson*, "nothing triggered the public disclosure bar in this case" and "the district court [has] jurisdiction over this action." *Wilson* at 699.

In sum, the SDVOSB protest[3] was not publicly disclosed; therefore, the public disclosure bar would not bar the SDVOSB contract at issue in that protest from being included in this action.

## **CONCLUSION**

The R&R correctly finds that: 1) the FCA's filing and service requirements are procedural—not jurisdictional; 2) the United States was not prejudiced by any alleged filing or service defect; and 3) the SDVOSB protest did not constitute a public disclosure.

Accordingly, the R&R should be adopted by this Court.

Dated: December 18, 2015

                                          Respectfully submitted,

/s/ Derrick Storms
Derrick Storms, Esq.
STORMS LAW, P.A.
690 5th Ave.
Brooklyn, New York 11215
Tel: (917) 635-9675
Email: storms001@hotmail.com
\* Admitted pro hac vice

/s/ Erik Cox
Erik Cox Esq. (VSB #46775)

---

[3] The Defendants did not discuss that the public disclosure bar only bars the specific facts disclosed to the public. Hence, assuming *arguendo* that there was a single public disclosure as believed by the Defendants, the remainder of the Defendants' 8(a) Program fraud and other SDVOSB fraud would not be barred by the SDVOSB protest, which only dealt with a single SDVOSB ship repair contract.

7

1440 Church St. N.W., Ste. 202
Washington, D.C. 20005
Tel: (202) 270-9113
Fax: (202) 588-8921
Email: erikcoxllc@gmail.com

*Attorneys for Relator*

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Graham T. Jennings, Jr., Esq.
Virginia State Bar #18542
                   Attorney for Defendants

Graham T. Jennings, Jr., P.C.
P.O. Box 426
3810 Old Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-7912
(804) 591-0323 (Facsimile)
Email: powlaw@verizon.net


Barry C. Hodge, Esq.
Virginia State Bar #34886
                   Attorney for Defendants

Barry C. Hodge, Attorney and Counsellor at Law
P.O. Box 1249
3810 Courthouse Tavern Lane
Powhatan, Virginia 23139
(804) 598-0044
(877) 598-4668 (Facsimile)
Email: barrychodgeesq@verizon.net

Steven W. Fitschen, VSB # 44063
  Attorney for Defendants
The National Legal Foundation
2224 Virginia Beach Blvd., Ste. 204
Virginia Beach, VA 23454
Tel: (757) 463-6133
Fax: (757) 463-6055
nlf@nlf.net

Clare P. Wuerker, Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6361
Email: clare.wuerker@usdoj.gov

Susan Lynn Watt, Assistant United States Attorney

United States Attorney's Office
Eastern District of Virginia
101 West Main Street, Suite 8000
Norfolk, VA  23510
Telephone: (757) 441-6331
Email: susan.watt@usdoj.gov
Attorneys for United States

    And I hereby certify that that there are no non-filing users.

/s/ Erik Cox               .
Erik Cox, Esq. (VSB #46775)
  Attorney for Relator
Erik Cox, LLC
1440 Church St. N.W., Ste. 202
Washington, D.C. 20005
Tel: (202) 270-9113
Fax: (202) 588-8921
Email: erikcoxllc@gmail.com
