UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



A1 PROCUREMENT, LLC,

      Relator,

    v.                           ACTION NO: 2:15cv015

THERMCOR, INC., et al.,

      Defendants.

### MEMORANDUM ORDER

This matter comes before the court on the Motion to Withdraw filed by Derrick Storms, counsel for the Relator, A1 Procurement, LLC, on December 18, 2015. ECF No. 125. The Defendants take no position on the Motion to Withdraw. See Resp. to Obj. at 12, ECF No. 123. For good cause shown, the court **GRANTS** the Motion to Withdraw, and Mr. Storms is no longer counsel in the case.

Further, before the court are the Magistrate Judge's two Reports and Recommendations (R&R), filed November 18, 2015. ECF Nos. 116, 117. The first R&R addressed the Defendants' "Joint Motion to Dismiss This Action for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted; and for Other Relief" ("Motion"). The other R&R addressed the Defendants' "Joint Motion to Revoke the Pro Hac Vice Admission of Derrick Storms or, in the Alternative, for Storms' Disqualification; and for

Other Relief" ("Motion to Revoke"). Given that the court has granted the Motion to Withdraw, the Motion to Revoke is deemed **MOOT**. As such, it is unnecessary for the court to address further the R&R and corresponding objections on the Motion to Revoke.

As to the Motion to Dismiss, the Magistrate Judge recommended denying the Motion. The court will now address that R&R, the Defendants' Objections, and the Relator's Reply.

## I. PROCEDURAL HISTORY

On November 3, 2011, the Relator filed its original qui tam Complaint in the Southern District of Florida. ECF No. 1. The Complaint alleges that the Defendants made false statements and claims to the Small Business Administration ("SBA") about their "Service-Disabled Veteran-Owned Small Business" ("SDVOSB") status. Id. ¶¶ 51-67. On December 3, 2013, the court ordered that the Complaint be unsealed and directed the Relator to serve the Complaint on the Defendants. ECF No. 17. On May 21, 2014, the Relator filed its First Amended Complaint ("Amended Complaint"), which added allegations relating to Defendants' involvement in the SBA's 8(a) Minority Sole-Source Program. Am. Compl. ¶¶ 65-86, ECF No. 25.

On January 15, 2015, the Southern District of Florida transferred venue to the Eastern District of Virginia. Order at 12, ECF No. 57. The Defendants filed an Answer to the Amended

2

Complaint on January 29, 2015, ECF No. 64, and on July 2, 2015, at the request of the Defendants, the court ordered all prior sealed documents in the case to be unsealed. ECF No. 85.

On July 17, 2015, the Defendants filed the instant Motion and corresponding Memorandum in Support. ECF Nos. 87, 88.[1] On July 30, 2015, the United States filed a Statement of Interest in response to the Motion. ECF No. 95. The Relator filed a Memorandum in Opposition on July 31, 2015, ECF No. 96, and the Defendants filed a Reply on August 6, 2015. ECF No. 99.

On August 7, 2015, the Motion was referred to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 100. The court further ordered that the parties argue the Motion at the oral hearing already scheduled on the Motion to Revoke. ECF No. 103. On August 28, 2015, the Magistrate Judge conducted the hearing. ECF No. 108. The Magistrate Judge filed the R&R, in which he recommended denying the Motion, on November 18, 2015.

---

[1] The Defendants filed the Motion to Revoke and corresponding Memorandum in Support on July 1, 2015. ECF Nos. 83, 84.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. The Defendants filed Objections on December 7, 2015. ECF No. 122. The Relator filed a Response to the Objections on December 18, 2015. ECF No. 124.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Report and Recommendation

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim

The Defendants first challenge the Complaint for lack of subject matter jurisdiction. If the court determines that there is subject matter jurisdiction, the Defendants alternatively request the court use its discretion to sanction the Relator and dismiss the case for failure to state a claim upon which relief can be granted. Mem. Supp. at 14; see United States ex rel. Ubl v. IIF Data Sols., No. CIV.A. 1:06-CV-641, 2009 WL 1254704, at

4

*3 n.2 (E.D. Va. May 5, 2009) ("In many cases, of course, the
proper  remedy  for  a  relator's  failure  to  comply  with
3730(b)(2)'s procedural requirements might be dismissal of the
action for failure to state a claim." (citing Erickson ex rel.
United States v. Am. Inst. of Biological Scis., 716 F. Supp.
908,   912   (E.D.   Va.   1989)));   see   also   Smith   v.
Clark/Smoot/Russell, 796 F.3d 424, 432 (4th Cir. 2015) (holding
"that a violation that results in an incurable and egregious
frustration of the 'statutory objectives underlying the filing
and service requirements,' merits dismissal with prejudice under
the False Claims Act" (quoting United States ex rel. Pilon v.
Martin Marietta Corp., 60 F.3d 995, 998 (2d Cir. 1995))); Ubl,
2009 WL 1254704, at *3 n.2 (stating that when "no cure exists,
dismissal is the proper remedy" (quoting Erickson, 716 F. Supp.
at 912)).

On  a  motion  to  dismiss  for  lack  of  subject  matter
jurisdiction,  "[t]he  burden  of  proving  subject  matter
jurisdiction . . . is on the plaintiff, the party asserting
jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.
1982). The plaintiff meets that burden by proving subject matter
jurisdiction exists by a preponderance of the evidence. United
States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir.
2009). Determining if subject matter jurisdiction exists may
require the district court to "go beyond the allegations of the

5

complaint" to decide independently the existence of jurisdiction. Adams, 697 F.2d at 1219.

### III. DEFENDANTS' OBJECTIONS TO THE R&R

The Defendants have five objections to the R&R. The court will address the objections in turn.

### A. The Defendants' First Objection is OVERRULED

First, the Defendants object that the Magistrate Judge erroneously concluded that the relevant filing requirements of the False Claims Act ("FCA") are not jurisdictional. Obj. at 4. They argue that the filing requirements of the FCA are jurisdictional, not procedural, and thus, the Relator's alleged failure to comply with them means a per se dismissal of the claim. Id. at 4-7.[2] This is essentially the same argument made in the Defendants' Motion to Dismiss. Mem. Supp. at 7-13. However, both parties now rely on the Smith case, which was issued after

---

[2] The relevant requirements are found at 31 U.S.C. § 3730(b)(2):

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Id.

6

briefing concluded but before oral argument, to support their positions. The Defendants argue that the case stands for the proposition that only seal breaches — not other filing and service requirements of the FCA — are not jurisdictional. Obj. at 4-7. The Relator argues that the Magistrate Judge correctly construed Smith as holding that all of the FCA's filing and service requirements are procedural, not jurisdictional. Resp. at 3-4.

The Magistrate Judge made no error in determining that the filing and service requirements of the FCA are not jurisdictional. The Fourth Circuit held in Smith that "[t]he procedural requirements of the False Claims Act, including its seal provision, 'are not jurisdictional, and violation of those requirements does not per se require dismissal.'" Smith, 796 F.3d at 430 (quoting United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 245 (9th Cir. 1995)). Further, in Ubl, the court noted that nothing in the legislative history of the FCA supports the reading that § 3730(b)(2)'s requirements are jurisdictional. 2009 WL 1254704, at *3. It further stated that "if the service and filing requirements circumscribed courts' jurisdiction, it potentially could frustrate the overarching purpose of the False Claims Act, which is to prevent fraud perpetrated by private parties against the government." Id. Accordingly, the Defendants' first objection is **OVERRULED**.

## B. The Defendants' Second Objection is OVERRULED

The Defendants next object to the Magistrate Judge's "denial of its alternative request for relief, namely dismissing this case for failure to state a claim." Obj. at 7. This objection relates to the Fourth Circuit's holding that a court may dismiss a claim for a violation of the FCA's procedural requirements when the violation results in an "incurable and egregious frustration of 'the statutory objectives underlying the filing and service requirements.'" Smith, 796 F.3d at 430 (quoting Pilon, 60 F.3d at 998). The Defendants argue that the Relator's alleged procedural violations did "incurably frustrate" the purposes behind the FCA's filing requirements, and as such, the court should have used its discretion to dismiss the case. Obj. at 7. The Relator argues that the United States has asserted that it was properly served and that it was not prejudiced by any alleged service or filing defect for both the original Complaint and the Amended Complaint. Resp. at 5.

This argument was briefed by the Defendants and argued at the hearing, and, as the Defendants recognize, dismissal for this reason is at the court's discretion. See Obj. at 7-8; Mem. Supp. at 14-15. The court finds that the Magistrate Judge properly reviewed and analyzed all the relevant facts and made

8

no error in concluding that the filing and service defects, if any, did not incurably frustrate the purpose of the statute. Accordingly, the Defendants' second objection is **OVERRULED**.

## C. The Defendants' Third Objection is OVERRULED

Third, the Defendants object that the Magistrate Judge applied the post-2010 version of the public disclosure bar. Obj. at 8.[3] The Defendants contend that many of the contracts in this case are controlled by the pre-2010 version of the statute, and the claims on those contracts, at least, must be dismissed. Id. at 8-9. The Relator did not respond to this objection. The Defendants admit, however, that this objection "is premised, of

---

[3] The public disclosure bar of § 3730(e)(4)(A) states:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
>> (i)  in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>> (ii)  in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>> (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Id.

course, on there having been a public disclosure." Id. at 9. The
Magistrate Judge determined that no public disclosure occurred
in this case, and the court agrees with the Magistrate Judge's
recommendation. See infra Part III.D. Accordingly, the
Defendants' third objection is OVERRULED.

D. The Defendants' Fourth Objection is OVERRULED

Next, the Defendants argue that the Magistrate Judge was
incorrect in concluding that no public disclosure occurred. Obj.
at 9. When determining if a public disclosure occurred for
purposes of the FCA, a district court must determine "i) whether
the disclosure occurred via a source specifically identified in
the statute, (ii) whether the disclosure was made 'public' prior
to the filing of the relevant complaint, and (iii) whether the
public disclosure revealed 'allegations or transactions.'"
United States ex rel. Beauchamp v. Academi Training Ctr., Inc.,
933 F. Supp. 2d 825, 840 (E.D. Va. 2013). The Defendants contend
that the SBA protest regarding the Defendants' SDVOSB status is
a public disclosure under this definition, Obj. at 10; the
Relator argues that it is not. Resp. at 6-7.

The Magistrate Judge correctly concluded that the SBA
protest satisfies the first prong of the test because it "likely
falls under the 'administrative' aspect of § 3730(e)(4)." R&R at
28. As to whether there was a public disclosure of the protest,
the Fourth Circuit has held that "'public disclosure' requires

10

that there be some act of disclosure <u>outside of the government</u>." <u>United States ex rel. Wilson v. Graham Cty. Soil & Water Conservation Dist.</u>, 777 F.3d 691, 697 (4th Cir. 2015) (quoting <u>United States ex rel. Rost v. Pfizer, Inc.</u>, 507 F.3d 720, 728 (1st Cir. 2007)). Thus, public disclosure requires "(i) the disclosure to be accessible to the general public, (ii) the disclosure to be made to strangers to the fraud, or (iii) the disclosure to be placed in the public domain." <u>Beauchamp</u>, 933 F. Supp. 2d at 840. Voluntarily revealing information to a government official alone is not enough. <u>Id.</u> at 844. ("[T]here is no sound reason for construing the public disclosure bar to include disclosures that have only been revealed to Government officials.").

As such, the Magistrate Judge made no error in determining that the SBA protest, which was "only circulated between the protestor, the protested concern, and the personnel in the SBA's Office of Government Contracting" and was not "published or in the public domain," did not qualify as a public disclosure for purposes of applying § 3730(e)(4). R&R at 29. Accordingly, the Defendants' fourth objection is **OVERRULED**.

**E. The Defendants' Fifth Objection is OVERRULED**

Finally, the Defendants object that the Magistrate Judge failed to accept, or evaluate, its argument that the case should be dismissed "because the District Court for the Southern

11

District of Florida should have done so." Obj. at 12. This objection is premised on their argument that "the Southern District of Florida should have dismissed for lack of subject matter jurisdiction sua sponte." Mem. Supp. at 10. It is understandable that the Magistrate Judge did not address this issue as it appears in their Memorandum in Support to merely provide support for the Defendants' claims and to show harm, not as a separate argument. Mem. Supp. at 10-14. This court will not construe Eleventh Circuit precedent to determine whether the case should have been dismissed under that Circuit's law, nor will it second-guess the Southern District of Florida's decision not to dismiss sua sponte.[4] Accordingly, the Defendants' fifth objection is **OVERRULED**.

## V. Conclusion

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, overrules the Defendants' Objections, and does hereby adopt and approve in full the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on November 18, 2015, with respect to the objections. Accordingly, the court **DENIES** the Motion to Dismiss.

---

[4] Regardless, the Defendants cite only to an unpublished case that involves different procedural defects from the instant case. Mem. Supp. at 10, 14 (citing Foster v. Savannah Commc'n, 140 F. App'x 905 (11th Cir. 2005)).

For the reasons stated herein, the court **GRANTS** the Motion to Withdraw and **DENIES** the Motion to Revoke as **MOOT**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties and to Mr. Storms.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

January 15, 2016

13