UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA ex rel. A1 PROCUREMENT, LLC,

    Plaintiff-Relator,

v.

THERMCOR, INC., et al.,

    Defendants.

ACTION NO: 2:15cv15

## MEMORANDUM ORDER

This matter comes before the court on the Defendants' Motion to Amend Order to Allow Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) ("Motion to Amend Order"), and corresponding Brief in Support, both filed on February 12, 2016. ECF Nos. 134, 135. The Relator filed its Brief in Opposition on February 23, 2016. ECF No. 136.

Further before the court is the Relator's Motion to Lift Stay, and corresponding Brief in Support, filed on February 23, 2016. ECF Nos. 137, 138. The Defendants responded to the Motion to Lift Stay on March 10, 2016, ECF No. 140, and the Relator filed a Reply on March 16, 2016. ECF No. 142. The matter is ripe for review. For the reasons set forth herein, the

Defendants' Motion to Amend Order is **DENIED**, and the Relator's Motion to Lift Stay is **GRANTED**.[1]

### MOTION TO AMEND ORDER TO ALLOW INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

The Defendants filed a Motion to Dismiss for Lack of Jurisdiction or Failure to State a Claim on July 17, 2015. ECF No. 87. By Order of August 7, 2015, the Motion to Dismiss was referred to Magistrate Judge Lawrence R. Leonard. ECF No. 100. On November 18, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R"), which recommended denying the Motion to Dismiss. ECF No. 116. After the parties filed Objections and Responses, this court issued an Order on January 15, 2016, ("Order"), adopting in full the findings and recommendations set forth in the R&R and denying the Motion to Dismiss. ECF No. 126.

The Defendants now seek to amend the Order adopting the R&R to certify the Order for an interlocutory appeal. Br. Supp. at 2. This request for certification is based on two objections to the R&R filed by the Defendants — whether the filing and service requirements of the False Claims Act ("FCA") are jurisdictional,

---

[1] On March 4, 2016, the Defendants filed a notice with the court requesting that their Motion to Amend Order be set for a hearing. ECF No. 139. The Relator filed a Notice of Opposition on March 11, 2016. ECF No. 141. The court finds that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

and whether there was a public disclosure, under the terms of the FCA. Id.

A district court may certify an order as immediately appealable if it states in writing "that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district courts have "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 46 (1995). This authority "should be used sparingly," and the requirements are "strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). In this way, courts do not upset the policy limiting appeals to final judgments without a showing of exceptional circumstances. Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005).

In the instant case, the Defendants are unable to satisfy the three 28 U.S.C. § 1292(b) requirements, as they fail to show that a substantial ground for difference of opinion exists. A substantial ground for difference of opinion arises only if the disagreement on controlling law exists between courts, not merely parties. Cooke-Bates v. Bayer Corp., No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010). Furthermore, "just

any simple disagreement between courts will not merit certification." Id. A substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. Id. However, the mere fact that an issue is one of first impression or that there is a lack of unanimity is not enough to meet this prong. Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010). Moreover, differences in opinion among district courts outside the governing circuit do not require a finding of substantial grounds. See Cross v. Suffolk City Sch. Bd., No. 2:11cv88, 2011 WL 2838180, at *3 n.1 (E.D. Va. July 14, 2011) (finding that "four cases from three district courts outside the Fourth Circuit do not persuade this court that there is a substantial ground for difference of opinion").

The Defendants first argue that there is a substantial ground for disagreement regarding the question of whether the filing and service requirements of the FCA are jurisdictional. The Fourth Circuit commented on the issue in Smith v. Clark/Smoot/Russell, 796 F.3d 424 (4th Cir. 2015), stating that "[t]he procedural requirements of the False Claims Act, including its seal provision, 'are not jurisdictional, and violation of those requirements does not per se require dismissal.'" Id. at 430 (quoting United States ex rel. Lujan v.

Hughes Aircraft Co., 67 F.3d 242, 245 (9th Cir. 1995)). However, the Defendants assert that this statement is dicta. Br. Supp. at 5. The Defendants further argue that there is a circuit split on the issue. Id. In support, the Defendants cite a Sixth Circuit case, United States ex rel. Summers v. LHC Grp., Inc., 623 F.3d 287, 299 (6th Cir. 2010), and a petition for writ of certiorari in United States ex rel. Rigsby v. State Farm Fire & Cas. Co., 794 F.3d 457 (5th Cir. 2015), petition for cert. filed, 2015 WL 6380992 (Oct. 20, 2015) (No. 15-513), which writ the Supreme Court has not yet granted. See Br. Supp. at 5. The Sixth Circuit case involves a seal breach, but could be construed to apply to the other FCA procedural requirements. Notably, however, the petition for writ of certiorari deals only and specifically with seal breaches and not with the other FCA filing and procedural requirements. Moreover, a disagreement with one circuit and a petition for writ of certiorari that deals with a different, albeit related, question are not enough to meet the high standard for a substantial ground for difference of opinion, especially when the Fourth Circuit has already commented on the issue.[2]

---

[2] Regardless of whether the language in Smith is dicta, as the Defendants argue, there is no substantial ground for difference of opinion. The Defendants do not cite any Fourth Circuit case that finds that the filing and service requirements are jurisdictional.

The Defendants next argue that there is a substantial ground for difference of opinion as to whether a public disclosure occurred. Br. Supp. at 6. To show a difference of opinion, they cite to footnote nine (9) of the R&R, regarding the possibility of accessing Small Business Administration ("SBA") protests through a public records request. Id. In that footnote, the Magistrate Judge provided a lengthy analysis of the issue and rejected the Defendants' position, after finding a public disclosure did not occur here based on the specific facts of the case. R&R at 30 n.9. The only other support provided by the Defendants is a Seventh Circuit case, United States v. Bank of Farmington, 166 F.3d 853 (7th Cir. 1999), overruled on other grounds by Glaser v. Wound Care Consultants, Inc., 570 F.3d 907 (7th Cir. 2009), that conflicts with a Fourth Circuit case, United States ex rel. Wilson v. Graham Cty. Soil & Water Conservation Dist., 777 F.3d 691 (4th Cir. 2015),[3] and the Defendants' analogy to complaints in a civil suit, which has not been applied by the courts. Br. Supp. at 6. A single case from a different circuit and the Defendants' own theory are not enough to show a substantial ground for difference of opinion.

---

[3] In Wilson, the Fourth Circuit held that a public disclosure under the FCA requires an act of disclosure outside of the government. 777 F.3d at 697. In contrast, the court in Bank of Farmington held that disclosure of information to a public official qualifies as an FCA public disclosure. 166 F.3d at 861.

6

As there is no substantial ground for difference of opinion, the court will only briefly discuss the other requirements of 28 U.S.C. § 1292(b), namely that the issue be a controlling question of law and that an appeal would materially advance the ultimate termination of the case. Regarding whether the issues are controlling questions of law, the court notes that although the issues involve legal questions, they also require a thorough review of the record, particularly the question of whether a public disclosure occurred. See LaFleur v. Dollar Tree Stores, Inc., No. 2:12cv363, 2014 WL 2121721, at *2 (E.D. Va. May 20, 2014) (stating that an issue is not a pure question of law, if it would require the appellate court "to study the record extensively"). Further, it is uncertain whether an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For example, as the Defendants recognize, the public disclosure question does not affect all the contracts at issue, and thus, a difference of opinion on that issue would result in only a partial dismissal of the case. Br. Supp. at 7.

Accordingly, for the above reasons, the Defendants fail to meet the requirements to certify the Order of January 15, 2016, for interlocutory appeal.

## MOTION TO LIFT STAY

On September 1, 2015, the parties filed a Joint Motion for Stay of Proceedings. ECF No. 109. To support their request, the parties discussed their efforts to resolve discovery disputes and noted that two Motions were currently before the court. Id. at 1.[4] The court granted the Motion for Stay of Proceedings on September 2, 2015. ECF No. 110. The Relator now requests the stay be lifted, as the two Motions have been denied, and, accordingly, the grounds for the stay are no longer present. Br. Supp. at 1. The Relator also asks this court to permit the parties to set a supplemental scheduling conference to reset the deadlines in the original scheduling order, ECF No. 67, as these deadlines have now expired due to the stay. See Br. Supp. at 1.

The Defendants argue that the court should not lift the stay, even if the court denies the Defendants' Motion to Amend Order, because the Defendants intend "to file a Motion to Dismiss for Failure to State a Claim." Br. Opp. at 3-6. The Defendants rely on Levey v. Brownstone Inv. Grp., LLC, 590 F. App'x 132, 137 (3d Cir. 2014), in which the court discussed how resolving Rule 12(b)(6) motions before beginning discovery streamlines the litigation process, to argue that discovery

---

[4] The two motions were the Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 87, and the Motion to Revoke the Pro Hac Vice Admission of Derrick Storms. ECF No. 83. The court has since ruled on both of these Motions. ECF No. 126.

should remain stayed while another Motion to Dismiss is prepared and filed. See Br. Supp. at 3-4. The court does not find the Defendants' reliance on an unpublished Third Circuit case to be a persuasive argument for extending the stay through the filing of a future Motion in a case that has been pending before this court for over a year.

Further, as this court has already ruled on the two Motions referenced in the Joint Motion to Stay Proceedings, and as it is denying the Motion to Amend Order, the purpose of the stay has been satisfied and continuing the stay is unnecessary. Thus, the court finds that the stay should be lifted, and that the parties should set a new scheduling conference with the Calendar Clerk. An Amended Scheduling Order will be entered to include dates for resolving discovery disputes and for any further discovery, as well as to set a new date for trial and the incidents thereto. An Amended Scheduling Order does not preclude the filing of appropriate dispositive motions, during or at the conclusion of discovery.

## CONCLUSION

For the reasons stated herein, the Defendants' Motion to Amend Order is **DENIED**, and the Relator's Motion to Lift Stay is **GRANTED**. The parties are **ORDERED** to contact the Calendar Clerk

to set a new scheduling conference. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

    IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

March 24, 2016